210 N.J. Super. 225 (1986)
509 A.2d 304
JULIA THOMPSON, PLAINTIFF,
v.
DARIUS VANAMAN AND PATRICIA VANAMAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Family Part, Cumberland County.
Decided February 13, 1986.
*226 Darrlyn Mann for plaintiff.
Richard McCarthy for defendants.
*227 STANGER, J.S.C.
The plaintiff seeks visitation with her grandchildren over the objection of her daughter and son-in-law. Defendants were married in 1978, and have three children ages 6, 4 and 3. From May 1981 until June 14, 1985 plaintiff-grandmother raised the children while the parents worked. The children were brought to plaintiff's residence as early as 6:30 a.m. and returned between 4:30 and 6:30 p.m., five days every week, 52 weeks a year for four years. While under plaintiff's care the children were sheltered, fed, potty-trained and nursed when ill. The grandmother acted as a substitute mother, giving the care and nurture that would otherwise have been performed by the natural parents. Obviously, a strong bond arose between plaintiff and her three grandchildren.
On June 14, 1985 defendants stopped contact between plaintiff and their children. This was caused by litigation between defendants and plaintiff's other children, as well as failure of defendants to repay a loan owed to plaintiff.
Plaintiff filed a complaint for visitation. Defendant filed a motion to dismiss the complaint. The matter was heard January 6, 1985.
Neither the Legislature nor the courts of this State have addressed the issue of the right of visitation by a grandparent over the objections of the natural parents, both of whom are alive and residing together. However, R. 5:1-2(a) grants this court jurisdiction to hear:
All civil actions in which the principal claim is unique to or arises out of a family or family-type relationship....
Furthermore, this court is satisfied that it has inherent equitable jurisdiction as well as jurisdiction pursuant to court rules to hear this matter. L v. G, 203 N.J. Super. 385, 393 (Ch.Div. 1985). An emotional, as well as biological, bond exists between this grandmother and her grandchildren. Clearly, plaintiff is an interested party and has standing to seek relief.
*228 N.J.S.A. 9:2-7.1 creates an independent right of action by grandparents seeking visitation. The statute covers situations when either or both parents of the minor child is or are deceased, divorced or living separate and apart in different habitats. This court is satisfied that it was not the intent of the Legislature to limit grandparent visitation to those situations. The court's ultimate concern must always be for the welfare of the child. Mimkon v. Ford, 66 N.J. 426, 430 (1975). In Youth and Family Services v. Torres, 185 N.J. Super. 234, 246 (J. & D.R.Ct. 1980), aff'd 185 N.J. Super. 182 (App.Div. 1982), the court noted that both Mimkon, supra, and N.J.S.A. 9:2-7.1 indicate broad recognition of grandparents' rights.
This principle was recognized by Justice Pashman who stated in Mimkon, supra:
It is a biological fact that grandparents are bound to their grandchildren by the unbreakable links of heredity.... A very special relationship often arises and continues between grandparents and their grandchildren. The tensions and conflicts which commonly mar relationships between parents and children are often absent between those very same parents and their grandchildren. Visits with a grandparent are often a precious part of a child's experience and there are benefits which devolve upon the grandchild from the relationships with his grandparents which he cannot derive from any other relationship. Neither the Legislature nor this Court is blind to human truths which grandparents and grandchildren have always known. [66 N.J. at 437]
The court has before it unrebutted testimony that plaintiff cared for these children for eight to ten hours a day, five days a week for many years. All the evidence indicates a stable and loving environment. Clearly the relationships described in Mimkon are present in this case.
To fully explore the best interests of these children, the court must also consider any disadvantages which may flow from granting the visitation sought. Bennett v. Bennett, 150 N.J. Super. 509, 513 (App.Div. 1977). The court has heard defendants' conflicting and unsubstantiated allegations regarding plaintiff's qualifications to care for the children. The court finds plaintiff fit and capable to supervise her grandchildren and finds there would be no disadvantage from the visitation.
*229 The sole reason given for severing the relationship between the children and their grandmother is the antagonism resulting from the monetary disputes between defendants, plaintiff and other members of plaintiff's family. This is evidenced by the testimony of defendants that they would not consider allowing plaintiff visitation until the financial conflicts have been resolved. The mere fact that a parent does not desire visitation between his children and their grandparents can never by itself be sufficient reason for denying that visitation. Globman v. Globman, 158 N.J. Super. 338, 348 (App.Div. 1978). N.J.S.A. 9:2-7.1 creates a presumption that the best interests of the child are ordinarily served by maintaining contact and communication with their grandparents. Id. at 345-346. This court finds that that presumption has not been overcome and it is in the best interests of the children to have visitation. It shall be the third Saturday of each month from 10:00 a.m. to 6:00 p.m. Counsel for plaintiff will submit the appropriate order.