212 N.J. Super. 596 (1986)
515 A.2d 1254
JULIA THOMPSON, PLAINTIFF-RESPONDENT,
v.
DARIUS VANAMAN AND PATRICIA VANAMAN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 10, 1986.
Decided September 30, 1986.
*597 Before Judges KING, HAVEY and MUIR.
Richard C. McCarthy, attorney for appellants.
Gruccio, Pepper, Giovinazzi, DeSanto & Mann, attorneys for respondent (Darrlyn Mann on the brief).
The opinion of the court was delivered by MUIR, J.A.D.
This case involves whether a court of this State has the authority to grant to a grandparent rights of visitation with her grandchildren over the objection of the natural parents when none of the circumstances prescribed in N.J.S.A. 9:2-7.1 for granting grandparent visitation are present. The trial court, in an opinion reported at 210 N.J. Super. 225 (Chan.Div. 1986), concluded such authority existed. We conclude it does not, and reverse.
Plaintiff is the maternal grandmother of three children born to the marriage of defendants Patricia and Darius Vanaman. The children are ages six, four and three.
In April 1981, after the birth of the second child, plaintiff agreed to care for the defendants' two children while defendants worked. In the Spring of 1982, after the birth of the third *598 child, plaintiff assumed responsibility for the care of all three children.
The agreement provided that defendants would leave the children with plaintiff each weekday at 6:30 a.m. and pick the children up at the end of the workday. Defendants agreed to pay twenty dollars a week, but did not always do so.
In June 1985, as the result of family disputes, one of which led to the grandfather physically menacing Darius Vanaman, defendants terminated the child care agreement and ceased all contact between plaintiff and the grandchildren.
Plaintiff instituted this action seeking right of visitation. Defendants, who have lived together continuously since their marriage, opposed the application.
The trial judge granted plaintiff visitation. He determined the legislature did not intend to limit visitation of grandparents to the circumstances delineated in N.J.S.A. 9:2-7.1. He further determined that since a special relationship existed between plaintiff and her grandchildren, it would be in the best interests of the children to grant visitation.
While we commend the trial judge for his compassion, we conclude he had no authority to grant visitation over the parents' objection.
A grandparent, as a general rule, has no right of visitation with grandchildren when the custodial parent objects. Mimkon v. Ford, 66 N.J. 426, 430 (1975). Various rationale exist for the rule with the one most pertinent here being that it is not in the best interests of the child to force the child into the midst of a conflict between the parents and grandparents. See id. at 431.
N.J.S.A. 9:2-7.1 prescribed a change in the general rule. It delineated that a court may grant visitation to a grandparent if it is in the best interests of the child, and, either or both of the parents is or are deceased, or the parents are divorced or physically separated. Thus, when a grandparent has lost the derivative rights of contact with the grandchildren *599 due to disruption of the family unit caused by death, divorce or separation, the legislature has provided a vehicle for the grandparent to gain visitation rights. In absence of that disruption, the grandparent has no independent cause of action for securing visitation rights. Consequently, under the facts of this case, the trial court had no authority to grant plaintiff visitation rights.
Furthermore, while the circumstances here indicate plaintiff had an extensive hand in caring for the children for several years, there is no evidence to suggest it would be in the best interests of the children to grant grandparent visitation when that surely would embroil the children in a family dispute.
Reversed and remanded for entry of judgment consonant with this opinion. All orders of the trial court enforcing its original judgment are to be vacated.[1]
NOTES
[1] After entry of the order granting visitation, defendants refused to comply. In an effort to enforce compliance, the trial judge sentenced Patricia Vanaman to ten days in the county jail, which sentence the judge suspended subject to her complying with the order of visitation.