234 N.J. Super. 383 (1988)
560 A.2d 1276
DAVID PULLMAN, PLAINTIFF,
v.
ALLAN PULLMAN AND ANDREA PULLMAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided August 30, 1988.
*384 David Pullman, pro se.
Martin S. Fishman for defendants.
KAHN, J.S.C. (temporarily assigned).
This is a complaint for visitation by plaintiff David Pullman (David), 26 years of age, who seeks the right to visit three half-siblings: Bradley, aged 16 years; Heather, aged 11 years; and Brooke, aged 6 years. Defendants are Allan Pullman (Allan) and Andrea Pullman (Andrea), parents of said siblings. A trial was held wherein this court considered the testimony of the parties along with other evidence as well as legal arguments in support of their respective positions.
David is Allan's son by a prior marriage. David, who lived with Allan and Andrea for a short period of time, had established a relationship with his three half-siblings. He no longer resides with Allan and Andrea and now seeks visitation with Bradley, Heather and Brooke. Due to circumstances that were not revealed in this litigation, the relationship between the parties has deteriorated to the extent that defendants have objected to David's requested visitation.
David acknowledges the statutory requirements. He agrees that defendants are neither deceased nor divorced, however, he contends that for a period of time totalling four months (from February to June 1988), Allan and Andrea resided apart in separate habitations. David argues that the four month separation entitles him to visitation, or alternatively, a hearing as to whether such visitation would be in the best interest of the siblings. David testified that he believed that the separation was caused by marital discord, but he produced no evidence to *385 support this assertion. Defendants testified that for the four months Andrea was undergoing medical treatment at a North Carolina hospital and produced a letter from said hospital in support thereof. Both further stated that at the time of trial, Allan and Andrea were residing together, without marital discord and had no plans to separate. I find, therefore, that although defendants did reside separate and apart for approximately four months, their temporary separation was for medical reasons and not marital discord.
The applicable statute governing third party visitation provides as follows:
Where either or both of the parents of a minor child, residing within the State, is or are deceased, or divorced or living separate and apart in different habitats, regardless of the existence of a court order or agreement, a grandparent or the grandparents of such child, who is or are the parents of such deceased, separated or divorced parent or parents, or any sibling of the child may apply to the Superior Court, in accordance with the Rules of Court, to have such child brought before such court; and the court may make such order or judgment, as the best interest of the child may require, for visitation rights for such [or], grandparents or sibling in respect of such child. [N.J.S.A. 9:2-7.1 (West Cum. Supp. 1988) (amended by L. 1987, c. 363, § 2).]
The New Jersey Legislature amended the statute to include "siblings" as additional third parties who may apply for visitation rights. In all other relevant aspects, both the original and the amended version of N.J.S.A. 9:2-7.1 are the same.[1]
David seeks relief based upon his interpretation of the court's "equitable jurisdiction" which he contends is supported by L. v. G., 203 N.J. Super. 385 (Ch.Div. 1985). He argues that this court should determine whether such visitation is in the best interests of the siblings to be visited. Since the Legislature amended N.J.S.A. 9:2-7.1, there has been no reported decision specifically dealing with sibling visitation. In L. v. G., the trial court indicated that a "sibling relationship can be an independent, *386 emotionally supportive factor for children in ways quite distinctive from other relationships." L. v. G., id. at 395. The New Jersey Supreme Court has also stated that grandparents provided "generous sources of unconditional love and acceptance." Mimkon v. Ford, 66 N.J. 426, 436 (1975) (grandparents have visitation rights with adopted child although a statute protects adopting parents from disturbance of their relationship to a child). Although the courts have recognized that a child's relationships with his or her siblings and grandparents are valuable, the Legislature has nonetheless passed a statute which does condition visitation rights on three events: parents are deceased, divorced or living separate and apart.
In the instant case, the brief physical separation of Allan and Andrea is not the type of separation that would provide David with either a right to sibling visitation or a further hearing concerning visitation. Often a husband and wife will live in separate habitats for a period of time in contemplation of and as a prelude to divorce. I believe that it is this type of separation (physical separation in contemplation of divorce) that the Legislature intended as a definition of "separate and apart." This type of separation is typically caused by marital discord that creates a breach in family unity, and more important, the parental unity. I find no such breach to exist between Allan and Andrea Pullman. The statutory purpose is to preserve parental authority insofar as who may associate with their infant children when the parents are alive, married and residing together in harmony. If this court accepts David's argument, then attendance by a parent at a school away from home, or an absence for business reasons could conceivably provide a cause for a similar application for visitation. I do not believe that the Legislature intended that a brief physical separation between parents for academic, professional or medical reasons should be a basis for an action for visitation.
Although plaintiff cites L. v. G., 203 N.J. Super. 385 (Ch.Div. 1985), I find those facts to be distinguishable from this case. In L. v. G., just as in the instant case, the plaintiffs were also *387 siblings technically moving for visitation. Note, however, that initial visitation rights had already been granted to the plaintiff. Further the initial visitation rights were based on a consent final judgment. The L. v. G. court's grant of equitable jurisdiction, therefore, was based on a substantially different legal premise because visitation had already been granted to the applicants. In L. v. G. plaintiff's siblings were requesting off-premise visitation rights because of the animosity between the parents (father and stepmother) and the adult children. The situation of full siblings requesting a modification of their visitation rights is very different than the instant case  a plaintiff and half-sibling requesting an initial right to visitation. Further, the Legislature had not enacted a statute prior to the L. v. G. case that provided a right to sibling visitation.
In another case, the Appellate Division of the Superior Court reversed a trial court's decision to grant a grandmother the right to seek visitation of grandchildren although both natural parents were alive, married and living together. Thompson v. Vanaman, 210 N.J. Super. 225 (Ch.Div. 1986), rev'd, 212 N.J. Super. 596 (App.Div. 1986). The Appellate Division stated:
When a grandparent has lost the derivative rights of contact with the grandchildren due to disruption of the family unit caused by death, divorce or separation, the legislature has provided a vehicle for the grandparent to gain visitation rights. In the absence of that disruption, the grandparents have no independent cause of action for securing visitation rights. [Id. at 599; emphasis added.]
In short, David has failed to demonstrate that Allan and Andrea were either deceased, divorced or living separate and apart, as required by the statute. I find that, in fact, Allan and Andrea are alive, married and residing together and there is no evidence of a breach in unity between them.
The four month separation for medical reasons is not the "living separate and apart" that the Legislature intended as a condition for the right to sibling visitation. David's complaint, therefore, is dismissed.
*388 This court acknowledges that other reasons for the physical separation of parents may exist. For example, one parent may be gravely ill and confined to a hospital so as to create the non-existence of a parent as if that parent left the marital home for marital discord reasons. In both cases the result would be a lack of family and parental unity, although in one case the separation is voluntary and intentional, and in the case of illness the separation is involuntary. A strong argument could be made for a court invoking its equitable jurisdiction in the case of parents separated by prolonged illness; however, this situation need not be addressed herein. The facts of the instant case do not warrant consideration of the "prolonged illness" hypothetical fact pattern.
No costs are assessed against either party. Defendants' counsel shall submit an Order in conformity with this opinion under the Five Day Rule.
NOTES
[1] Plaintiff sought similar relief in 1987 prior to the amendment of N.J.S.A. 9:2-7.1. This court granted Allan and Andrea's motion to dismiss David's complaint primarily because the prior existing statute provided only for grandparent visitation, not for sibling visitation.