262 N.J. Super. 311 (1992)
620 A.2d 1092
NHAT BECKER, PLAINTIFF,
v.
SANDRA DAWN BECKER AND MICHAEL KRAIL, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Burlington County.
Decided November 19, 1992.
*312 James G. Gavin, Esq., for the plaintiff.
Thomas F. McGuire, III, Esq., for the defendant.
*313 SCHLOSSER, P.J.F.P.
This matter comes before the court pursuant to an application for grandparental visitation and for other relief. Only the application for grandparental visitation will be determined at this time.
The plaintiff is the maternal grandmother of a child born on January 11, 1992 as a result of a relationship between her daughter, a defendant, who is currently 16 years old and not emancipated and her daughter's boyfriend, the co-defendant, who is also 16 years old and not emancipated.
The defendants and the minor child have resided with the paternal grandparents since July 1992 although plaintiff's daughter also lives at home with plaintiff several nights each week. The reason for plaintiff's application is that the minor child is not brought home during the time when the daughter returns to plaintiff's house.
Does a court of this State have authority to grant to a grandparent the right of visitation over the objection of the natural parents when none of the circumstances prescribed in N.J.S.A. 9:2-7.1 exist, but when the parents themselves are unemancipated minors and the defendant mother does not live separate and apart from her mother on a full-time basis?
N.J.S.A. 9:2-7.1 provides as follows:
"Where either or both of the parents of a minor child, residing within the State, is or are deceased, or divorced or living separate and apart in different habitats, regardless of the existence of a court order or agreement, a grandparent or the grandparents of such child, who is or are the parents of such deceased, separated or divorced parent or parents, or any sibling of the child may apply to the Superior Court, in accordance with the Rules of Court, to have such child brought before such court; and the court may make such order or judgment, as the best interest of the child may require, for visitation rights for such grandparent, grandparents or sibling in respect to such child."
Prior to the enactment of this statute, under the common law, grandparents had no independent rights to visitation. Mimkon v. Ford, 66 N.J. 426, 332 A.2d 199 (1975).
*314 It is interesting to note that while N.J.S.A. 9:2-7.2 refers to "any husband and wife", N.J.S.A. 9:2-7.1 refers only to "parents".
The plaintiff has argued that the narrow interpretation of the statute is inapplicable because the defendants do not constitute a family unit. The term "family unit" is not a statutory one but one which does require further attention.
In Thompson v. Vanaman, 212 N.J. Super. 596, 515 A.2d 1254 (App.Div. 1986), the court stated: "Thus, when a grandparent has lost the derivative rights to contact with the grandchildren due to disruption of the family unit (emphasis supplied) caused by death, divorce, or separation, the Legislature has provided a vehicle for grandparent to gain visitation rights". In the absence of that disruption, the grandparent has no independent cause of action for securing visitation rights. See also Pullman v. Pullman, 234 N.J. Super. 383, 387, 560 A.2d 1276 (Ch.Div. 1988); In re Goldfarb, 6 N.J. Super. 543, 547, 70 A.2d 94 (Ch.Div. 1949).
The United States Supreme Court has deemed that limiting a definition of "family unit" to only those couples that are legally bound by marriage is unconstitutional. In Stanley v. Illinois, 405 U.S. 645, 652, 92 S.Ct. 1208, 1213, 31 L.Ed.2d 551 (1972), the Court stated:
"The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment ... the Equal Protection Clause of the Fourteenth Amendment ... and the Ninth Amendment ...
Nor has the law refused to recognize those family relationships unlegitimized by a marriage ceremony .. . [as they are] often as warm, enduring, and important as those arising within a more formally organized family unit ... `To say that the test of equal protection should be the `legal' rather than the biological relationship is to avoid the issue. For the Equal Protection Clause necessarily limits the authority of a State to draw such `legal' lines as it chooses.' (citations omitted)."
As such, the court will not be constrained by any rigid or formal definitions as to what can constitute a "family unit," and instead will look at the facts as presented by this particular case.
*315 This court is able to distinguish the case before it, based upon the submissions provided that there is a just cause to expand the narrow changes which the statute has made in the common law. The plaintiff's daughter is not herself emancipated and could be "ordered" to return home on a full-time basis, and she may be said to live separate and apart in different habitats, at least part of the time, because she does live with plaintiff during a portion of each week. Both defendants continue to reside in parental custody, albeit not that of plaintiff.
The plaintiff seeks the right to visit with her grandchild. Due to the changing life styles of our society, the court system will continue to see an increasing number of such situations. When such circumstances exist, it is imperative that the court act in the best interest of the grandchild. In Fiore v. Fiore, 49 N.J. Super. 219, 225, 139 A.2d 414 (App.Div. 1958), certif. denied 28 N.J. 59, 145 A.2d 168 (1958), the court held that:
"The welfare of the child is the primary, paramount and controlling consideration in determining the question of visitation and custody of a minor child. The legal rights and claims of either parent and the wishes and personal desires of said parent must yield, if opposed to what the court, in the discharge of its duty, regards the welfare of the child to be."
Based upon the foregoing, it is the order of this court that plaintiff is entitled to pursue her right of visitation with her grandchild. It is necessary next to determine whether such visitation would be in the grandchild's best interest. The plaintiff has had only a minimal opportunity to bond or even know her grandchild.
Because of the difficulty and the novelty of the question presented to the court, and especially since the grandchild's interests might not be sufficiently addressed, nor represented by the various involved parties, the court in its role as parens patriae will appoint a guardian ad litem to represent the grandchild pursuant to R. 5:8B. It is anticipated that the guardian ad litem shall be an attorney whose hourly rate shall be fixed at $125 in addition to costs, all of which shall be borne by plaintiff. The defendants, who are minors, but represented *316 by counsel are not seemingly in need of guardians ad litem at this time. Counsel need not be appointed for them (R. 5:8A).
Pending a further application to the court, it is in the best interest of the grandchild to have visitation with plaintiff one overnight per week in the presence of plaintiff's daughter and on alternate Saturdays from 12:00 p.m. to 6:00 p.m. commencing November 28, 1992.
Counsel for plaintiff shall submit an appropriate order in accordance with this decision.