2006 OK CIV APP 47

**Jaime Lyn BARGER, on behalf of minor child, E.B., Petitioner/Appellant,**

v.

**Danielle Ann Walker BROWN, Respondent/Appellee.**

**No. 102,814.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 14, 2006.

Jennifer Chapel Richard, The Law Offices of Jennifer Chapel Richard, P.C., Oklahoma City, OK, for Petitioner/Appellant.

R. Kevin Butler, Rick L. Denker, Anthony W. Sykes, Denker & Butler, P.L.L.C., Oklahoma City, OK, for Respondent/Appellee.

Opinion by KEITH RAPP, Vice Chief Judge.

¶ 1 Jaime Lyn Barger (Barger), on behalf of EJB, a minor child, petitioner in the trial court, appeals an order dismissing this action against Danielle Ann Walker Brown (Brown), respondent in the trial court. Barger also appeals the post-judgment award of attorney fees to Brown. This appeal proceeds under the accelerated appeal provisions of Okla. Sup.Ct. R. 1.36.

## BACKGROUND

¶ 2 Stephen Barger is the father of four children, all minors. The children are all under the age of ten. Barger is the mother of EJB and was married to Stephen Barger. Brown is the mother of KW, and twins, DB and BB. Each mother has legal custody of their respective children. Stephen Barger was convicted of a criminal offense and is incarcerated.

¶ 3 Barger filed this action on behalf of EJB seeking to compel visitation between EJB with the other children. The petition contained allegations that, prior to Stephen Barger's conviction, all the children visited regularly and had a bonded relationship. Brown denies the allegations and resists visitation.

¶ 4 Brown moved to dismiss the action on the ground that Barger on behalf of EJB has no claim. She cited 10 O.S.2001, § 5A in support of her motion.[1] Barger argued that EJB had a common-law or constitutional right of visitation regardless of the statute and that the statute does not preclude visitation when both parents are alive.

¶ 5 The trial court agreed with Brown, finding that a parent had to be deceased prior to granting sibling visitation. Subsequently, the trial court awarded Brown an attorney fee. Barger appeals both decisions.

## STANDARD OF REVIEW

¶ 6 The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1. If an appeal asserts a violation of constitutional rights, the appellate court will exercise its own independent judgment, if it becomes necessary to determine the constitutional question. *Ranola Oil Co. v. Corporation Commission of Oklahoma*, 1988 OK 28, ¶ 7, 752 P.2d 1116, 1118. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Keizor v. Sand Springs Ry. Co.*, 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

¶ 7 A trial court's dismissal for failure to state a claim upon which relief can be granted involves a *de novo* review to ascertain whether the petition, including its exhib-

---

1. Section 5A provides a procedure and criteria for consideration in cases involving visitation rights between siblings. In pertinent part the statute reads:

A. Upon the death of a parent of an unmarried minor child, a parent of the unmarried minor child or a parent of a minor sibling of the unmarried minor child may file a verified petition to commence an action requesting rights of visitation between the siblings. The court may award reasonable rights of visitation between the siblings if the court determines visitation is in the best interests of the siblings.

its, is legally sufficient. *Indiana Nat'l Bank v. State Dep't of Human Services,* 1994 OK 98, ¶ 2, 880 P.2d 371, 375. The petition is a short and plain statement of the claim and a demand for judgment. 12 O.S.2001, § 2008. The Court must take as true all of the challenged pleading's allegations, together with all reasonable inferences which may be drawn from them. *Indiana Nat'l Bank,* 1994 OK 98 at ¶ 3, 880 P.2d at 375. Moreover, such motions to dismiss are not favored. *Id.,* at ¶ 4, 880 P.2d at 375. Therefore, a pleading must not be dismissed for failure to state a claim unless the allegations show beyond any doubt that the litigant can prove no set of facts which would entitle him to relief. *Id.,* at ¶ 3, 880 P.2d at 375.

¶ 8 Whether a party has a right to recover attorney fee presents a question of law. *Hawzipta v. Ind. School Dist. No. I–004 of Noble Co.,* 2000 OK CIV APP 113, ¶ 26, 13 P.3d 98, 103. When the appeal raises an issue of the reasonableness of any attorney fees awarded by the trial court, then the standard of review is whether there has been an abuse of discretion by the trial judge. *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.,* 1996 OK 121, ¶ 32, 932 P.2d 1091, 1097; *State ex rel. Burk v. Oklahoma City,* 1979 OK 115, ¶ 22, 598 P.2d 659, 663.

## ANALYSIS AND REVIEW

### A. Sibling Visitation

¶ 9 The issue here is whether a minor child (EJB) with siblings in the custody of another parent (Brown) may compel that parent to allow visitation with the siblings. The plain language of 10 O.S.2001, § 5A shows that it is a statute which does not answer the issue because nothing in the statute relates to the case where the petitioner is the minor seeking visitation with siblings. Therefore, this case presents a situation where the rights of a parent must be examined against the rights of the minor.

¶ 10 The initial step is to define the respective rights so to ascertain whether such rights are truly in conflict. The United States Supreme Court addressed the issue of parental rights in determining grandparental visitation in *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). That decision instructs that the Fourteenth Amendment protects a parent's right to raise his or her child without undue interference from government. Moreover, a fit parent is accorded a presumption that the parent acts in the child's best interests. Last, some special reason or factor must be present to justify the state's intrusion, and one of those factors is a finding of parental unfitness. *In re Herbst,* 1998 OK 100, ¶¶ 10, 16, 18, 971 P.2d 395, 397–99.

¶ 11 In *Herbst,* the Court spoke at length about the exclusive right of the parents to care, custody, and control of their minor children, even to the extent of forbidding grandparental visitation. The Court instructed that the interests of the State are limited.

> The state's interest in a child is "implicated upon a finding of harm to the child … or of the custodial parent's unfitness." It is the state's responsibility to exercise its police power to protect a child's welfare when the decisions of parents would result in harm. Without the requisite harm or unfitness, the state's interest does not rise to a level so compelling as to warrant intrusion upon the fundamental rights of parents.

*Herbst,* 1998 OK 100 at ¶ 13, 971 P.2d at 398 (citations omitted).

¶ 12 In summary, when a parent adequately cares for his or her children, "there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Neal v. Lee,* 2000 OK 90, ¶ 7, 14 P.3d 547, 549. Thus, under the reasoning of *Herbst* and subsequent cases, Brown has the right to determine such matters as visitation.[2]

¶ 13 Next, the inquiry turns to whether EJB has a right to sibling visitation.

---

2. Inasmuch as Section 5A does not apply here, there is no need to engage in an *Herbst* analysis of the constitutionality of Section 5A under the facts of this case.

Barger's Amended Petition and Motion for Sibling Visitation argued that EJB has both a common law and a constitutional right of visitation with his siblings.[3]

¶ 14 Barger cited statutes from Arkansas and Rhode Island authorizing siblings to petition for visitation with other siblings. No similar statute exists in Oklahoma. The fact that the Legislature has provided visitation privileges in certain limited circumstances evidences its recognition that visitation privileges of third parties, i.e., parties other than the parents, do not exist without statutory authorization.

¶ 15 In *Lihs v. Lihs*, 504 N.W.2d 890 (Iowa 1993), a case with factual similarities to the one before this Court, the Iowa Supreme Court ruled that the minor children of deceased husband's second marriage had no common-law or statutory right to visitation with the minor child of husband's first marriage. The ex-wife, as custodial parent, had common-law veto power over visitation between the child and third parties with certain exceptions provided by statute.[4] The basis for this decision is that the custodial parent has common-law veto power over visitation between the child and all other third parties, except a noncustodial parent.[5]

¶ 16 The Supreme Court of Wyoming in the case of *MBB and JPB v. ERW and MIS*, 2004 WY 134, 100 P.3d 415, held that a sibling had no standing to seek visitation in the absence of a statute authorizing the action. The Court premised its holding on the principle that under the common law, courts "deferred to the right of the parents to make decisions regarding their children's associations." *Id.* at ¶ 13, 100 P.3d at 419.

¶ 17 A number of articles have been written which discuss the issue of sibling visita-

tion. Joel V. Williams, Comment, *Sibling Rights to Visitation: A Relationship Too Valuable to Be Denied*, 27 U. Tol. L.Rev. 259, 286–87 (1995), "Case law specifically addressing siblings' rights to visitation is sparse. However, courts which have heard such cases have generally abided by a 'no statute—no standing—no right to visitation' rule." In a separate article, another author reviewed cases denying either a common law or a constitutional right of sibling visitation. William Wesley Patton, *The Status of Siblings' Rights: A View Into the New Millennium*, 51 DePaul L.Rev. 1, 4 (2001) (quoting Ellen Marrus, *"Where Have You Been, Fran?" The Right of Siblings to Seek Court Access to Override Parental Denial of Visitation*, 66 Tenn. L.Rev. 977, 1013 (1999)). In yet another article, the author presents an argument for a possible constitutional underpinning to support a minor's right to claim visitation with siblings, but acknowledges that, in the jurisdiction reviewed, the constitutional issue had not been determined. Seth A. Grob, *Sibling Visitation: A Child's Right*, 22 Colo. Law. 283, (1993).

¶ 18 This Court recognizes the special relationships between and among siblings and the benefits that can and do flow from such relationships. This Court further acknowledges that significant issues are presented by granting minors access to the courts to obtain something denied by a parent. All of these factors lead this Court to conclude that sibling visitation is a matter for the Legislature to address as it involves sundry public policy decisions and could be in the siblings' best interests.[6] As the law now stands, however, the sibling does not have either a common law or a constitutional right to seek visitation with his or her siblings.

---

3. Record, tab 2.

4. Section 5A provides the statutory exception in Oklahoma.

5. Barger cites the case of *In re Wemark*, 525 N.W.2d 7 (Iowa Ct.App.1994), for the proposition that regardless of the absence of a common law right, the court ought not deny a sibling's visitation petition. *Wemark* reaffirmed the rule of *Lihs*, but found a distinction because the children were in custody of a guardian. A guardian did

not have the same authority as a parent, but was under the direction of the court and the court could provide for visitation. *See K.A.S. v. R.E.T.*, 914 So.2d 1056 (Fla.Dist.Ct.App.2005).

6. Among such considerations for determination are the criteria governing granting visitation, the procedure to follow, and provisions for protection of and balancing of the rights of the petitioning minor, the siblings, and the siblings' parent(s).

¶ 19 This Court also acknowledges that *L., K., C., B. and H.K. v. G. and H*, 203 N.J.Super. 385, 497 A.2d 215 (Ch. Div.1985), reaches a contrary result. There, the court, after discussing the factors of sibling relationships, ruled as follows:

[T]his Court finds that the relationship between a child and his/her siblings is a significant and unique one, from which a myriad of benefits and experiences may be derived. The bonds which develop between brothers and sisters are strong ones, and are, in most cases, irreplaceable. New Jersey has always been a forerunner in the field of family law. The time has come for this State to take its place among those which recognize the necessity and importance of the right of siblings to visit with one another. *Therefore, this Court finds that siblings possess the natural, inherent and inalienable right to visit with each other.* This right is, of course, subject to the requirement that such visitation be in the best interest of a minor child, for it is that which is of paramount concern to this Court.

*Id.* at 222 (emphasis added).

¶ 20 The courts considering this case have declined to follow it.[7] One reason given for not following the case is that it was decided years before *Troxel*. *Herbst v. Swan*, 102 Cal.App.4th 813, 820, 125 Cal.Rptr.2d 836, 841, (Cal.Ct.App.2002) (Whatever 'inherent and inalienable' right a sibling may have under New Jersey law, it appears that the fundamental liberty interest of a parent trumps that right absent a compelling state interest.) In *Ken R. on Behalf of C.R. v. Arthur Z.*, 546 Pa. 49, 682 A.2d 1267 (1996), the Court declined to follow the New Jersey lead deferring instead to he Legislature. Last, it appears that New Jersey has amended its request for visitation statute to include requests by minors for visitation with their siblings. *Pullman v. Pullman*, 234 N.J.Super. 383, 560 A.2d 1276, 1277 (Ch. Div.1988).

### B. Attorney Fees

¶ 21 This Court holds that this is not an action in which attorney fees may be awarded. The Oklahoma Supreme Court re-

stated that, in Oklahoma, strict adherence to the American Rule as to the recovery of attorney fees in litigation remains the law. *Fulsom v. Fulsom*, 2003 OK 96, ¶ 8, 81 P.3d 652, 655. Thus, there must be a specific statute or contract allowing for recovery. Section 5A of Title 10, does authorize fees, but does not apply.

¶ 22 The gist of the action here, as reviewed by this Court, is one where a minor child seeks visitation with siblings. There is no showing before the trial court, or that any statute or contract provides authority for attorney fees under the facts. *Compare, Borst v. Bright Mtg. Co.*, 1991 OK 121, 824 P.2d 1102 n. 5, cancelling a promissory note is not the same as recovering on a promissory note and is not covered by the statute. Therefore, the judgment for attorney fees is reversed.

### CONCLUSION

¶ 23 Section 5A does not apply to the case of a minor petitioning for visitation with the minor's sibling, or siblings, where the death of a parent has not occurred. The trial court incorrectly relied upon Section 5A, but reached the correct result relative to the requested visitation because, under Oklahoma law, the minor has no standing, no common law right, or constitutional right to enforce sibling visitation against the wishes of the sibling's parent. However, a judgment that is correct, but for the wrong reason, will be affirmed. *Utica Nat'l Bank and Trust Co. v. Associated Producers Co.*, 1980 OK 172, ¶ 20, 622 P.2d 1061, 1066. Therefore, the judgment on the merits is affirmed for the reasons stated above. However, the trial court erred in its grant of attorney fees and accordingly, the judgment for attorney fees is reversed.

¶ 24 AFFIRMED IN PART AND REVERSED IN PART.

GABBARD, P.J., and REIF, J., concur.

7. The Nebraska Court of Appeals cited *L., K., C., B. and H.K.* favorably. *In re Interest of Daniel W.*, 3 Neb.App. 630, 529 N.W.2d 548 (1995), but that decision was reversed by the Nebraska Supreme Court, *In re Interest of Daniel*, 249 Neb. 133, 542 N.W.2d 407 (Neb.1996).