140 N.J. Super. 91 (1976)
355 A.2d 211
IN THE MATTER OF THE ADOPTION OF A CHILD BY M.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided February 26, 1976.
*92 Mr. David M. Baer for plaintiff (Baer, Arbeiter, Doty and Pribish, attorneys).
Mr. Joseph R. Postizzi for defendant.
GRIFFIN, J.C.C. temporarily assigned.
This opinion involves an application by the paternal grandparents for visitation with their granddaughter. Adoption of the child by the second husband of the natural mother was denied. The court found that the natural father, the first husband, had not "forsaken his parental obligations" as interpreted in In re Adoption of Children by D, 61 N.J. 89 (1972). Hence, the natural father still has visitation rights.
Counsel for the grandparents cites Mimkon v. Ford, 66 N.J. 426 (1975), as being dispositive of the issue. That case, however, is not applicable as the right of plaintiff grandparents to visitation was based on N.J.S.A. 9:2-7.1 as originally enacted in 1972. The statute then provided for visitation rights to grandparents only when "either or both of the parents of a minor child * * * is or are deceased. * * *" It has since been amended and now reads:
*93 Where either or both of the parents of a minor child, residing within this State, is or are deceased, or divorced or living separate and apart in different habitats, regardless of the existence of a court order or agreement a grandparent or the grandparents of such child, who is or are the parents of such deceased, separated or divorced parent or parents, may apply to the Superior Court, in accordance with the Rules of Court, to have such child brought before such court; and the court may make such order or judgment as the best interests of the child may require, for visitation rights for such grandparent or grandparents in respect to such child.
The Supreme Court in Mimkon, supra, was aware of this change (66 N.J. at 431, fn. 1), but since this issue was not before the court, it was not discussed. Thus the statute, as amended, has not previously been construed. The question therefore remains whether the enactment was intended to legislate an independent right of visitation in the grandparents notwithstanding the existence of satisfactory visitation rights in the noncustodial parent.
This statute is in derogation of the common law. Grandparents have no common law right to visitation. Mimkon v. Ford, supra at 430; In re Goldfarb, 6 N.J. Super. 543 (Ch. Div. 1949). Their rights are derivative through the natural parent save for legislation otherwise.
The legislative history of N.J.S.A. 9:2-7.1 is meager. The only statement concerning the amendment was released by the Senate Judiciary Committee on February 5, 1973 and states in relevant part:
This bill would allow, in addition, visitation rights for grandparents in cases where the parents were divorced or separated and living in different habitations.
No other hearings, reports or statements on the amendment (L. 1973, c. 100, § 1) or the original enactment (L. 1971, c. 420, § 1) are recorded in the New Jersey State Library. It is therefore a futile task to attempt to determine what the legislative intent was in relation to the present case. This however, does not mean that the court is without any signpost to determine the issue. The statute provides for visitation *94 rights "as the best interest of the child may require * * *." This is a familiar concept to matrimonial courts.
The court is aware of the affectionate relationship between grandparents and grandchild, and respects the views of the Supreme Court as expressed in Mimkon v. Ford, supra:
It is biological fact that grandparents are bound to their grandchildren by the unbreakable links of heredity. It is common human experience that the concern and interest grandparents take in the welfare of their grandchildren far exceeds anything applicable in purely biological terms. A very special relationship often arises and continues between grandparents and grandchildren. The tensions and conflicts which commonly mar relations between parents and children are often absent between those very same parents and their grandchildren. Visits with a grandparent are often a precious part of a child's experience and there are benefits which devolve upon the grandchild from the relationship with his grandparents which he cannot derive from any other relationship. Neither the Legislature nor this court is blind to human truths which grandparents and grandchildren have always known. [66 N.J. at 437]
Nevertheless, this court feels that it would seldom, if ever, be in the best interests of the child to grant visitation to the grandparents when their child, the parent, has such rights. The court need not go so far as to say that the statute should be interpreted as not permitting such right. But visitation by grandparents should be derivative; otherwise the child might have four, or even six people competing for his company: father, mother, paternal grandparents and maternal grandparents.
As noted above, one can only speculate what the intent of the Legislature was regarding this situation. The statute was obviously designed to provide a remedy to grandparents whose relationship with their grandchild has been severed. More likely than not, its sponsors contemplated its application when the noncustodial parent does not have visitation rights (or perhaps does not exercise them) and the custodial parent denies the grandparents access to the child. When, however, the noncustodial parent has visitation, what right are the grandparents denied? They can always seek visitation *95 through their own child. But to suffer yet another intrusion into the custodial parent's home in addition to the former spouse would invite disruption and seldom, if ever, be in the best interests of the child.[1]
What if the noncustodial parent also refuses visitation to his parents? Should the court interfere? There commonly exist deep-seated philosophical differences in child rearing between parents and grandparents which may culminate in the severance of the grandparent-grandchild contact by the parent. Once parents have made this decision, it would not be in the best interests of the child for the court to order visitation and interject conflicting authority figures in the life of the child.
Therefore the court concludes that N.J.S.A. 9:2-7.1 may create an independent right to visitation in grandparents when the noncustodial parent has visitation, but this right should seldom, if ever, be granted. The application is therefore denied.
NOTES
[1] The court specifically declines to consider whether the statute would permit visitation when the noncustodial parent has visitation rights but neglects to exercise them for some bona fide reason  e.g. he or she resides too far away to frequently visit the child.