150 N.J. Super. 509 (1977)
376 A.2d 191
RICHARD BENNETT, PLAINTIFF-APPELLANT,
v.
CYNTHIA BENNETT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1977.
Decided June 15, 1977.
*510 Before Judges LYNCH, MILMED and ANTELL.
Mr. G. Donald Haneke argued the cause for appellant (Messrs. Drazin & Warshaw, attorneys).
Mr. Alexander P. Waugh, Jr. argued the cause for respondent Blanche Angell Haskell (Messrs. Riker, Danzig, Scherer & Debevoise, attorneys).
The opinion of the court was delivered by LYNCH, P.J.A.D.
Mrs. Rae Bennett Truax, the paternal grandmother of Crystal de Forest Bennett, appeals from denial of her motion pursuant to N.J.S.A. 9:2-7.1 for visitation rights with her granddaughter.
Crystal's father, plaintiff Richard Bennett, was divorced from the child's mother, defendant Cynthia Bennett (now *511 Cynthia Macomber), on January 14, 1974. Custody of the infant child was placed with defendant. Thereafter, Richard Bennett sought modification of the judgment to remove custody from defendant and place it in himself or his mother Rae Bennett Truax. Defendant's mother, Blanche Angell Haskell, intervened in that proceeding.
After lengthy negotiations the matter of custody was settled by an order filed June 1, 1976, consented to by plaintiff, defendant, Mrs. Truax and Mrs. Haskell, whereby custody was placed in Mrs. Haskell, with visitation rights established for plaintiff and defendant. Plaintiff received liberal visitation rights, including visitation on every other weekend, from Friday night to Sunday evening, inclusive, a three-week summer vacation with the child, and various holiday visits. Plaintiff's visitation rights, however, were to be exercised only at his mother's home.
Thereafter, Mrs. Truax and her husband went to the Haskell home to pick up the child. Plaintiff was (and still is) in California. Mrs. Haskell informed Mrs. Truax that she would in the future only turn the child over to plaintiff. Mrs. Truax thereafter filed a motion to "clarify" the order of June 1, 1976. As a result of this motion, an order was signed on September 20, 1976 providing that Mrs. Haskell "need not release the child to any person except plaintiff, Richard Bennett, for purposes of visitation, under the June 1, 1976 order of this Court."
Since plaintiff is in California and is therefore not available to exercise his own rights of visitation, Mrs. Truax filed the instant application for rights of visitation on her own behalf as a grandparent pursuant to N.J.S.A. 9:2-7.1.
That statute provides:
Where either or both of the parents of a minor child, residing within this State, is or are deceased, or divorced or living separate and apart in different habitats, regardless of the existence of a court order or agreement a grandparent or the grandparents of such child, who is or are the parents of such deceased, separated or divorced parent or parents, may apply to the Superior Court, in accordance with the Rules of Court, to have such child brought before *512 such court; and the court may make such order or judgment, as the best interest of the child may require, for visitation rights for such grandparent or grandparents in respect to such child.
The trial judge denied Mrs. Truax' application "without prejudice." The transcript of the hearing indicates that the judge was of the opinion that the right of Mrs. Truax of visitation as a grandparent pursuant to the statute is "derivative" through her son, and since he did not exercise his right of visitation  and indeed being in default in support payments he was not likely to come into New Jersey to exercise those rights  the grandmother is barred from seeking visitation.[1] Specifically, the trial judge stated that if the son pays up the arrearages in support, the court would allow Mrs. Truax to have the visitation she seeks. (The judge also suggested that if Mrs. Truax were so interested in the child, she could undertake her son's financial obligations.)
We disagree. There is nothing in this statute which asserts that a grandparent's rights of visitation are derivative. The child's parents here are divorced and live separate and apart in different habitats. Under the statute, therefore, the grandparents have a right to apply for visitation rights. The granting of such rights depends only on the determination by the court as to whether the order therefor is justified "as the best interest of the child may require."
Mrs. Haskell contends that, granting that the trial judge had authority to give visitation rights to Mrs. Truax, it was the latter's burden on appeal to establish "facts or circumstances which indicate that the court below improperly exercised its authority to grant or deny visitation." That, *513 too, misses the mark for it ignores the duty of a court in considering an application pursuant to N.J.S.A. 9:2-7.1 to determine what order or judgment "the best interest of the child may require." This primary requisite was not in any sense inquired into or considered by the trial judge. Thus the judge failed to exercise his authority, and duty, under the statute, and we do not reach the question as to whether he improperly exercised that authority.
The order of the trial judge is reversed with direction that a plenary hearing be held to determine how the granting or denial of Mrs. Truax' application will affect the best interests of the child. In that respect the judge may consider the possible advantages to the child in fostering of a relationship between her paternal grandmother and herself, a factor recognized by the trial judge in the hearing transcript. See also, Mimkon v. Ford, 66 N.J. 426, 437 (1975). On the other hand, the trial judge shall consider any disadvantages which may flow from granting the visitation sought. He shall, if deciding to afford visitation to Mrs. Truax, also consider the usual alternative conditions, such as the time, place and length of the period of visitation, and any other considerations which may bear upon the best interests of the child. After plenary hearing the judge is to make suitable findings of fact and conclusions of law in application of the views herein expressed.
We do not retain jurisdiction.
NOTES
[1] In In re Adoption of Child by M., 140 N.J. Super. 91 (Ch. Div. 1976), the court denied visitation to a grandparent under the statute where their son, the father of the child, had satisfactory visitation rights. While the court suggested that visitation by grandparents "should be derivative," it nevertheless specifically declined to consider whether the statute would permit visitation when the noncustodial parent has visitation rights which he is not able to exercise. 140 N.J. Super. at 95, n. 1. That is the situation here.