768 P.2d 673

**In re the MARRIAGE OF Frankie J. HERRERAS, Petitioner,**

**and**

**Ronaldo L. Herreras, Respondent/Appellee,**

**Jean Jenkins, Petitioner/Appellant Grandparent.**

No. 2 CA–CV 88–0303.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 26, 1989.

Schwanbeck, Lane & Present by Sharon Douglas, Tucson, for respondent/appellee.

Fernando X. Gaxiola, Tucson, for petitioner/appellant Grandparent.

OPINION

FERNANDEZ, Judge.

A grandmother who was granted visitation rights with her grandchildren pursuant to A.R.S. § 25–337.01(A) challenges the automatic termination of those rights upon the adoption of the grandchildren. We affirm.

In December 1984, appellant Jean Jenkins, maternal grandmother of Angela and Nicole Herreras, was granted visitation rights with the grandchildren who were then in the custody of the natural father. In March 1987, the father's new wife petitioned to adopt the children. At the adoption hearing, the natural mother claimed that her consent to the adoptions had been obtained by fraud and that the acknowledgments on the consent forms were not proper. Appellant also appeared at the hearing, and the natural mother's counsel argued that appellant should be joined as a party because her visitation rights would be affected by the court's disposition of the petition for adoption. The court granted the petition for adoption. The natural mother appealed, and we affirmed in a memorandum decision filed August 23, 1988.

In July 1988, appellant filed a petition for order to show cause in the dissolution ac-

**512**

tion, seeking to enforce her visitation rights. Appellee filed a motion to dismiss, and the court granted the motion.

 Appellant, on appeal, questions the statutory provisions that automatically terminate grandparent visitation by a decree of adoption when no inquiry is made as to the best interests of the children regarding such termination and when the visitation order was entered after such an inquiry. The applicable statute, A.R.S. § 25–337.01(D), reads in part as follows:

All visitation rights granted under this section automatically terminate if the child has been adopted or placed for adoption. If the child is removed from an adoptive placement, the court may reinstate the visitation rights.

Appellant argues that in enacting the statute, the legislature recognized that children and grandparents have important family ties that should be protected. We agree that grandparents' love, acceptance and care complement the role of parents. However, in enacting the grandparent visitation statute, A.R.S. § 25–337.01, the legislature made it clear that the visitation rights automatically terminate upon adoption. A.R.S. § 25–337.01(D).

We cannot rewrite the statute or construe it contrary to its clear wording. In *Sands v. Sands*, 157 Ariz. 322, 757 P.2d 126 (App.1988), we held that the statute does not automatically terminate grandparents' statutory visitation rights when a non-custodial parent's parental rights are severed. In this case, however, the children were adopted, an event which is specifically provided for in the statute.

Appellant argues that automatic termination violates due process of law, citing three cases that deal with the taking of liberty or property without due process of law. As we stated in *Sands*, prior to the enactment of the grandparent visitation laws, grandparents had no legal right to visit with their grandchildren. At common law, such rights were derived through the natural parents. *In re Adoption of a Child by M.*, 140 N.J.Super. 91, 355 A.2d 211 (1976). A parent-child relationship has been recognized as "a personal right deserving of due process protection." *Matter*

*of Appeal in Pima County Juvenile Action No. S–933*, 135 Ariz. 278, 279, 660 P.2d 1205, 1206 (1982). A parent's right to custody and control of one's own children is fundamental and is protected by due process. *Matter of Maricopa County Juvenile Action No. JD–561*, 131 Ariz. 25, 638 P.2d 692 (1981). The Arizona courts, however, have not recognized the grandparental relationship as an interest or right which is entitled to protection except in the limited manner provided by the statute at issue. Moreover, public policy requires recognition that an adoption decree creates a set of new relationships with the adoptive parents and that old ties must be broken. *Browning v. Tarwater*, 215 Kan. 501, 524 P.2d 1135 (1974).

We find that the provision for automatic termination of grandparent visitation rights upon adoption is constitutional and that appellant's rights were properly terminated.

AFFIRMED.

ROLL, P.J., and LACAGNINA, C.J., concur.