KATHRYN C. ENOS *vs.* SHERYLE L. CORREIA.

No. 93-P-1607.

Barnstable. September 23, 1994. - March 30, 1995.

Present: WARNER, C.J., DREBEN, & GREENBERG, JJ.

*Statute*, Construction. *Grandparent. Minor*, Visitation rights. *Paternity. Probate Court*, Child born out of wedlock.

Discussion of the history of G. L. c. 119, § 39D, regarding visitation rights of grandparents with respect to their grandchildren. [319-320]

Discussion of grandparent visitation rights in other jurisdictions. [320-322]

The clear statutory language of G. L. c. 119, § 39D, precludes any grandparent of a child born out of wedlock from seeking visitation where the paternity of the child has not been adjudicated or acknowledged. [322-323]

CIVIL ACTION commenced in the Probate and Family Court Department on March 19, 1993.

The case was heard by *Edward W. Farrell*, J., on a motion to dismiss.

*Stephen M. McGonigle* for the plaintiff.

*Florence Bacas* (*Patricia Campanini* with her) for the defendant.

WARNER, C.J. Kathryn C. Enos, the maternal grandmother of a minor child, appeals from a Probate and Family Court judge's dismissal on the ground of lack of standing of her complaint seeking visitation of her granddaughter. The child was born out of wedlock to the defendant, Sheryle L. Correia, on September 15, 1983. The child's paternity has not been adjudicated or acknowledged.

The plaintiff argues that she may seek visitation of her granddaughter under the provisions of G. L. c. 119, § 39D.[1]

---

[1]General Laws c. 119, § 39D, as inserted by St. 1991, c. 292, provides:

"If the parents of an unmarried minor child are divorced, married but living apart, under a temporary order or judgment of separate

The statute grants certain grandparents of minor children the right to seek visitation. If the grandchild has been born out of wedlock, the statute provides that the grandparent may seek visitation if paternity has been adjudicated or acknowledged by the father. Despite the fact that no such adjudication or acknowledgment has occurred in this case, the plaintiff asks us to interpret the statute as implicitly providing her standing to seek visitation. She points out that under the statute other grandparents of minor unmarried children in the Commonwealth whose parents do not reside together may petition the court for visitation rights provided that their relationship has not been terminated by adoption. Fairness to her and the best interests of the child, she contends, dictate that she be permitted to petition the court for visitation rights.

It is reasonable to expect, based on the statute's history and trends in other jurisdictions, that a maternal grandparent would be permitted to seek visitation without requiring an adjudication of paternity or the father's acknowledgment.[2] Were it not for the statute's clearly limiting language, the plaintiff's position would have merit.

1. *History of G. L. c. 119, § 39D.*[3] Over time, the statute has provided standing to an increasingly broad range of grandparents. As enacted in 1972, it provided that if the father or mother of a child were deceased, the parents of the

---

support, or if either or both parents are deceased, or if said unmarried minor child was born out of wedlock whose paternity has been adjudicated by a court of competent jurisdiction or whose father has signed an acknowledgement of paternity, and the parents do not reside together, the grandparents of such minor child may be granted reasonable visitation rights to the minor child during his minority . . . [provided] such visitation rights would be in the best interest of the said minor child."

[2]Some jurisdictions require an adjudication of paternity only when the paternal grandparents are seeking visitation. See n. 8, *infra*.

[3]Our attention has not been called to, nor have we found, any other legislative history.

deceased mother or father could seek visitation.[4] Grandparents thus derived their visitation rights through their respective deceased children.

A 1982 amendment extended the circumstances under which the grandparent could seek visitation to the parents' divorce and eliminated the requirement that the grandparent be related to the grandchild through the absent parent.[5] A 1991 amendment further extended the circumstances to situations where the parents were married but living apart, or where there was an order for separate support, or where the minor child was born out of wedlock and paternity had been adjudicated or acknowledged.[6]

The statute now protects the grandparent-grandchild relationship in most circumstances where a parent is absent.

2. *Grandparent visitation statutes in other jurisdictions.* Every State has enacted a statute providing grandparents with visitation rights. Certain of these statutes limit the circumstances in which grandparents may seek visitation.[7]

---

[4]Statute 1972, c. 631, approved July 10, 1972, provides:

"If either the father or mother of an unmarried minor child is deceased, the parents of such deceased person may be granted reasonable visitation rights to the minor child during his minority by the probate court upon a finding that such visitation rights would be in the best interests of the minor child."

[5]Statute 1982, c. 514, approved Dec. 8, 1982, provides:

"If the parents of an unmarried minor child are divorced, or if either or both of the said parents are deceased, the grandparents of such minor child may be granted reasonable visitation rights to the minor child during his minority by the probate court upon a finding that such visitation rights would be in the best interests of the minor child."

[6]See *supra* note 1 for text of amended statute.

[7]Several States allow standing to pursue grandparent visitation where one or both parents are deceased or where the parents are divorced or separated. See, e.g., Alaska Stat. § 25.24.150 (1991); Ark. Stat. Ann. § 9-13-103 (1993); Colo. Rev. Stat. § 19-1-117 (1994 Supp.).

Several States provide relatives and unrelated third parties with standing to seek visitation in situations where a parent is deceased, the parents are divorced or separated, or a custody action is pending. See, e.g., Cal. Family Code §§ 3102-3104 (Deering 1994 & Supp. 1995); Haw. Rev. Stat. § 571-46 (Supp. 1992); Ill. Rev. Stat. ch. 755, par. 5/11-7.1 (1992); Nev. Rev. Stat. §§ 125A.330-125A.340 (1993); Wis. Stat. § 48.92

Many of these statutes grant standing to grandparents of a child born out of wedlock. At least six such jurisdictions require an adjudication of paternity only if the petitioning party is a paternal grandparent.[8] The second, more inclusive group of statutes, permits any grandparent, and in some cases other third parties, to seek visitation.[9] They authorize the court to determine whether the best interests of the child

---

(1981); Wis. Stat. Ann. § 767.245 (West 1993); Wis. Stat. § 880.155 (1981).

Grandparents and other third parties have been granted standing to pursue visitation where the child has resided with a grandparent or third party for a statutorily defined amount of time. See, e.g., Minn. Stat. § 257.022 (1992 & Supp. 1993); N.M. Stat. Ann. § 40-9-2 (1994); 23 Pa. Cons. Stat. Ann. §§ 5311-5314 (Purdon 1991); Wyo. Stat. § 20-7-101 (1994).

North Carolina provides grandparents with standing to pursue visitation if the child is the subject of a custody action. N.C. Gen. Stat. § 50-13.2 (1987). Vermont allows standing for grandparents if the parent is physically or mentally incapable of making decisions concerning visitation. Vt. Stat. Ann. tit. 15, §§ 1011-1016 (1989).

[8]See, e.g., Ind. Code Ann. § 31-1-11.7-2 (Burns 1994 Supp.); Iowa Code § 598.35 (1993); Mich. Comp. Laws Ann. § 722.27b (West 1993); Ohio Rev. Code Ann §§ 3109.11-3109.12 (Baldwin 1994); Okl. Stat. tit. 10, § 5 (1991); W. Va. Code §§ 48-2B-2-48-2B-9 (Supp. 1994).

Arizona does not mandate a determination of paternity even if the petitioning party is a paternal grandparent. Ariz. Rev. Stat. Ann. § 25-337.01 (Supp. 1994). Only Massachusetts, Nebraska and New Hampshire require an adjudication of paternity where the petitioning party is a maternal grandparent. G. L. c. 119, § 39D (1990 ed. & Supp. 1991); Neb. Rev. Stat. § 43-1802 (1993); N.H. Rev. Stat. Ann. § 458:17-d (Supp. 1992 & 1994).

[9]Many statutes provide any grandparent with standing to seek visitation where the parent has denied reasonable visitation. See, e.g., Ala. Code § 30-3-4 (1989); Conn. Gen. Stat. § 46b-59 (1993); Fla. Stat. § 752.01 (1993); Ga. Code Ann. § 19-7-3 (Supp. 1994); Kan. Stat. Ann. § 38-129 (1993); Ky. Rev. Stat. Ann. § 405.021 (Supp. 1994); Md. Family Law Code Ann § 9-102 (Supp. 1994); Miss. Code Ann. § 93-16-3 (1994); Mo. Rev. Stat. § 452.402 (Supp. 1992); Mont. Code Ann. § 40-9-102 (1993); Or. Rev. Stat. § 109.121 (1993); R.I. Gen. Laws §§ 15-5-24.1 - 15-5-24.3 (1988 & Supp. 1994); S.C. Code Ann. § 20-7-420(33) (Law. Co-op. 1985); S.D. Codified Laws Ann. § 25-4-52 (1992).

Other statutes enable grandparents and certain third parties to pursue visitation. See, e.g., Me. Rev. Stat. Ann. tit. 19, § 752(6) (West Supp. 1994); N.J. Stat. Ann. § 9:2-7.1 (West Supp. 1994); N.D. Cent. Code § 14-09-05.1 (Supp. 1993); Tenn. Code Ann. § 36-6-301 (1991); Utah Code Ann. § 30-5-2 (Supp. 1994); Wash. Rev. Code § 26.09.240 (Supp. 1995).

would be served by ordering visitation without first considering whether the petitioning grandparent has standing under express statutory terms. These broadly drawn statutes are indicative of the general movement toward allowing all grandparents to seek visitation.[10]

3. *Statutory construction.* It would be consistent with the trend toward decreased limitations on standing to permit the plaintiff to seek visitation without requiring an adjudication of paternity or the father's acknowledgment. However, the plain words of the statute are to the contrary. Where, as here, the " 'statutory language is clear, the courts must impart to the language its plain and ordinary meaning.' In the absence of evidence to the contrary, a statute's plain and ordinary meaning is conclusive as to legislative intent." *Bay State Gas Co.* v. *Local No. 273, Util. Workers Union of Am.*, 415 Mass. 72, 75-76 (1993), quoting from *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 537 (1992). See also *Condon* v. *Haitsma*, 325 Mass. 371, 373 (1950); *Bronstein* v. *Prudential Ins. Co. of Am.*, 390 Mass. 701, 704 (1984). "It is the function of the court to construe a statute as written and an event or contingency for which no provision is made does not justify judicial legislation." *First Natl. Bank of Boston* v. *Judge Baker Guidance Center*, 13 Mass. App. Ct. 144, 151 (1982), quoting from *Prudential Ins. Co. of Am.* v. *Boston*, 369 Mass. 542, 547 (1976). *Alguila* v. *Safety Ins. Co.*, 416 Mass. 494, 499 (1993). *Brown* v. *Taunton*, 16 Mass. App. Ct. 614, 617-18 (1983). The plain language of G. L. c. 119, § 39D, precludes any grandparent of a child born out of wedlock from seeking visitation where paternity has not been adjudicated or ac-

---

[10]In recent years, statutes which limited the range of circumstances in which grandparents would have standing have been replaced in several States by statutes which allow all grandparents to pursue visitation regardless of the family circumstances. See, e.g., Fla. Stat. § 752.01 (1993); Md. Family Law Code Ann § 9-102 (Supp. 1994); Mo. Rev. Stat. § 452.402 (Supp. 1992); N.J. Stat. Ann. § 9:2-7.1 (West Supp. 1994); R.I. Gen. Laws §§ 15-5-24.1 - 15-5-24.3 (1988 & Supp. 1994).

knowledged. The plaintiff may not pursue visitation under the statute.[11]

As we may not judicially expand the language of the statute beyond its plain and ordinary meaning, we invite the attention of the Legislature to what may have been an oversight in failing to make some provision for maternal grandparents of children born out of wedlock.

*Judgment affirmed.*

---

[11]In view of our disposition it is unnecessary to address the plaintiff's argument that the court should grant visitation rights under its general equity jurisdiction. We note, however, that matters of equity jurisprudence include "cases in which the subject matter of the controversy is one recognized by the courts at common law, but in which the remedy at law is not plain, adequate and complete." Bishop, Prima Facie Case, Proof and Defense § 1262 (1987). See Nolan, Civil Practice § 95 (2d ed. 1992). There is no common law right to grandparent visitation. *In re Marriage of Herreras*, 159 Ariz. 511, 512 (1989). *Kanvick* v. *Reilly*, 233 Mont. 324, 327 (1988). *Preston* v. *Mercieri*, 133 N.H. 36, 39 (1990). *In re Whitaker*, 36 Ohio St.3d 213, 215 (1988). *Clark* v. *Evans*, 778 S.W.2d 446, 448 (Tenn. App. 1989). But see, *Mimkon* v. *Ford*, 66 N.J. 426, 430 (1975). Moreover, the Legislature has provided a specific statutory remedy for certain grandparents. General Laws c. 119, § 39D, explicitly considers grandparents of children born out of wedlock and provides standing to limited members of this group.