912 P.2d 33

**Norma Grace GUETHE, Petitioner/Appellee,**

v.

**Joni M. TRUSCOTT, Respondent/Appellant.**

**No. 2 CA–CV 95–0205.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 19, 1995.

David D. White and Charna Johnson, Phoenix, for Respondent/Appellant.

## OPINION

ESPINOSA, Presiding Judge.

■ This is an appeal by the mother of a minor child, Joni M. Truscott, challenging a trial court order granting visitation rights to the child's paternal grandmother, appellee Norma Grace Guethe. We note at the outset that Guethe did not file an answering brief, which may be treated as a confession of reversible error if a debatable issue is raised. *Matter of Appeal in Pinal County Juvenile Action No. S–389,* 151 Ariz. 564, 729 P.2d 918 (App.1986). In light of the importance of the issue raised, we decide the case on its merits.

In June 1990, Truscott and appellee's son, Scott Guethe, were divorced and Truscott was awarded sole custody of their child. In December 1991, Scott voluntarily relinquished his parental rights. Truscott remarried and her husband adopted the child the following July. Two years later, Guethe filed a petition in the dissolution action pursuant to A.R.S. § 25–337.01, seeking visitation rights. After a hearing, the court granted Guethe monthly visitation with the child. On appeal Truscott argues that the trial court could not award visitation because it did not have jurisdiction to decide matters relating to the child's custody and did not have personal jurisdiction over the adoptive father, a necessary party to the action.[1] She further argues that Guethe lost all rights she may have had under the grandparent visitation statute when the child was adopted. After reviewing the statute and the record, we find the latter contention correct and therefore reverse.

■ Prior to the enactment of A.R.S. § 25–337.01, grandparents had no statutory visitation rights as to their grandchildren. At common law, such rights were derived only through the natural parents. *In re Marriage of Herreras,* 159 Ariz. 511, 512, 768 P.2d 673, 674 (App.1989). Under § 25–337.01(A), grandparents may be granted visitation rights if the trial court finds that it would be in the child's best interests and one of the following conditions exists: 1) the child's parents' marriage has been dissolved

for at least three months, 2) a parent of the child has been deceased or missing for at least three months, or 3) the child was born out of wedlock.

■ In ruling as it did, the court relied on § 25–337.01(D) which states:

> All visitation rights granted under this section automatically terminate if the child has been adopted.... The provisions of this subsection do not apply to the adoption of the child by the spouse of a natural parent if the natural parent remarries.

Truscott argues that this subsection applies only when rights have already been established pursuant to subsection (A), and that the trial court ignored Guethe's failure to satisfy that subsection's threshold requirement and the fact that her marriage to the adoptive father was intact, thereby "placing the cart before the horse." We agree. Under the adoption statutes, an adopted child must be treated "the same as though the child were born to the adoptive petitioner in lawful wedlock." § 8–117(A). As of the date of the adoption, the child's parents were Truscott and her husband. The Truscotts' marriage had not been "dissolved," nor was there any other statutory basis for Guethe to establish rights under § 25–337.01.

While it is not our intent to minimize the importance of extended family relationships, we are mindful of the clear wording of the statute and the paramount policy favoring the rights of parents, be they biological or adoptive. As we stated in *Herreras:*

> A parent's right to custody and control of one's own children is fundamental and is protected by due process.... The Arizona courts, however, have not recognized the grandparental relationship as an interest or right which is entitled to protection except in the limited manner provided by the statute at issue. Moreover, public policy requires recognition that an adoption decree creates a new set of relationships with the adoptive parents and that old ties must be broken.

---

1. We summarily reject the challenge as to subject matter jurisdiction. The court could clearly decide the issue under § 25–337.01. As to the failure to join the father, we need not address it given our resolution of this matter.

159 Ariz. at 512, 768 P.2d at 674 (citations omitted). Accordingly, grandparents seeking to invoke § 25–337.01 cannot stand by in the face of a pending adoption or its possibility and then later assert a relationship no longer legally cognizable. *Cf. Matter of Pima Cty. Juv. Severance Action,* 179 Ariz. 86, 876 P.2d 1121 (1994) (unwed father must vigorously assert legal rights in order to transform biological link into a protected parental relationship and prompt determination is in best interests of child).

The trial court's order granting Guethe visitation with the minor child is reversed.

DRUKE, C.J., and HATHAWAY, J., concur.