JOHNSON LUMBER COMPANY, INC. *vs.* WOODSCAPE HOMES,
INC., & others.[1]

Essex. December 6, 1999. - April 12, 2001.

Present: PERRETTA, GILLERMAN, & GELINAS, JJ.

*Mechanic's Lien. Lien. Statute,* Construction.

Statement of principles of statutory construction. [325-326]
This court concluded that the proviso appearing in St. 1996, c. 364, § 24(2),
   is applicable only to mortgage interests and not lien interests, with the
   result that certain mechanic's liens filed more than three months after the
   effective date of the statute were controlled by the amendments enacted
   thereby. [326-329]

CIVIL ACTION commenced in the Superior Court Department on
March 18, 1997.

A motion to dissolve mechanic's liens was heard by *Peter F.
Brady,* J., and entry of separate and final judgments was ordered
by him.

The case was submitted on briefs.

*Nancy Von Kittlitz* for the plaintiff.

*Hugh W. Samson* for Carol Y. Hoy & others.

PERRETTA, J. On March 18, 1997, Johnson Lumber Company
(Johnson) filed a notice of contract and statement of account
pursuant to the so-called "mechanic's lien statute," G. L. c. 254,
as amended by St. 1996, c. 364, for the cost of lumber that it
supplied to Woodscape Homes, Inc. (Woodscape), in 1996 for
the construction of houses. When Johnson thereafter brought
this action in the Superior Court to enforce its liens, the

[1] James A. Ranta and Thomas M. Pariseau, officers of Woodscape Homes,
Inc., and Stanley J. Hoy, Carol Y. Hoy, Terence P. Tully, and Marianna Tully,
owners of the real estate upon which Johnson Lumber Company, Inc., filed
mechanics' liens.

defendant-homeowners (the Hoys and the Tullys) moved for the dissolution of the liens on the basis that the notices of contract did not comply with c. 254, as in effect prior to November 7, 1996, the effective date of St. 1996, c. 364. A Superior Court judge allowed the motion and ordered the entry of separate and final judgments for the homeowners pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). On Johnson's appeal, we conclude that the 1996 amendments to c. 254 were applicable to the liens and reverse the judgments.

1. *Background.* Both the Hoys and the Tullys hired Woodscape to build houses for them on their respective properties, with Woodscape furnishing labor and materials. They secured financing for their houses by entering into construction loan agreements with the Ipswich Savings Bank (Ipswich). The Hoys signed their agreement with Ipswich on July 25, 1996, and recorded their mortgage on July 30, 1996; the Tullys entered into their agreement and recorded their mortgage on September 6, 1996.

Johnson provided building materials to Woodscape for the construction of the two houses between October 1, and December 16, 1996; the final invoice was dated December 23, 1996. When Woodscape failed to pay for the materials, Johnson, on March 18, 1997, recorded notices of contract and statements of account on the homeowners' two respective properties.

2. *The controversy.* All parties to this appeal agree that Johnson's notices of contract met the requirements of c. 254, as amended by St. 1996, c. 364. The sole question before us is whether the 1996 amendments apply to Johnson's liens. Resolution of the issue turns upon St. 1996, c. 364, § 24, which reads:

> "[1] This act shall apply to labor performed or materials furnished in the erection, alteration, repair or removal of a building or structure or other improvement to real property for which any person has filed or recorded the first mortgage or notice of contract on an interest in real property at least three months after the effective date of this act; [2] provided, however, that this act shall not apply to any mortgage executed and recorded at the appropri-

ate registry of deeds prior to the effective date of this act [November 7, 1996]."[2]

It is Johnson's position that the first clause of § 24 applies to its notices of contract, which were filed three months after November 7, 1996. It argues that the proviso, the second clause of § 24, narrowly qualifies the first clause and is applicable only to the rights and obligations of mortgagees. The homeowners claim that the proviso should be broadly construed to encompass liens on real property subject to a mortgage filed before November 7, 1996.

3. *Applicable rules of statutory construction.* Our conclusion, that Johnson's liens should not have been dissolved, rests upon two established principles of statutory construction, the most basic of which is: " '[W]e are constrained to follow' the plain language of a statute when its 'language is plain and unambiguous,' and its application would not lead to an 'absurd result,' or contravene the Legislature's clear intent." *Commissioner of Rev.* v. *Cargill, Inc.,* 429 Mass. 79, 82 (1999), quoting from *White* v. *Boston,* 428 Mass. 250, 253 (1998).

These rules also require that we construe the proviso narrowly rather than broadly: "It is a cardinal rule of interpretation that '. . . where a provision, general in its language and objects, is followed by a proviso . . . the proviso is to be strictly construed, as taking no case out of the provision that does not fairly fall within the terms of the proviso, the latter being understood as carving out of the provision only specified exception, within the words as well as within the reason of the former.' Endlich, Interpretation of Statutes, 742." *Woods* v. *Executive Office of Communities & Dev.,* 411 Mass. 599, 604-605 (1992), quoting from *Opinion of the Justices,* 254 Mass. 617, 620 (1926). See *Lexington Educ. Assn.* v. *Lexington,* 15 Mass. App. Ct. 749, 753 (1983), quoting from 2A Sands, Sutherland Statutory Construction § 47.08, at 82 (4th ed. 1973) ("The reason for [strict construction of a proviso] is that the legislative purpose set forth in the main or dominant body of an enactment is assumed to express the legislative policy, and only

---

[2]The statute was approved on August 9, 1996, and became effective ninety days thereafter. See *Vittands* v. *Sudduth,* 41 Mass. App. Ct. 515, 518 & n.7 (1996).

those subjects expressly exempted by the proviso should be freed from the operation of the statute").

4. *Discussion.* We begin with the expansively written first clause of § 24. By its plain and unambiguous language, the 1996 amendments to c. 254 are to apply to liens on interests in real property for materials supplied and work performed thereon when the first mortgage or notice of contract has been filed after February 7, 1997, that is, three months after the effective date of the 1996 amendments. Put another way, when either a first mortgage *or* notice of contract has been filed after February 7, 1997, all aspects of the 1996 amendments apply.

In contrast, the second clause of § 24, the proviso, speaks only to mortgages and clearly states that the 1996 amendments to c. 254 do *not* apply to any mortgage recorded prior to November 7, 1996, the effective date of the amendments. A strict and narrow construction of the proviso leads us to conclude that the former act, that is, c. 254 prior to the 1996 amendments, does apply with respect to the rights and obligations of mortgagees, such as Ipswich, that recorded their mortgages prior to November 7, 1996. Put another way, mortgagees who filed mortgages prior to November 7, 1996, are protected from any amendments affecting their rights, including, for example, their relative priority and obligation to advance funds. See G. L. c. 254, § 7, as in effect prior to St. 1996, c. 364.

Next, we consider whether our literal reading of § 24 is consistent with the purposes of c. 254. As most recently discussed in *National Lumber Co.* v. *LeFrancois Constr. Corp.,* 430 Mass. 663, 668 (2000):

> "A primary purpose of G. L. c. 254 is 'to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate.' *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co.,* 399 Mass. 541, 542-543 (1987). Because a perfected lien is an encumbrance on the property, the statute is also designed to ensure that a person searching the land records in a registry of deeds can determine with certainty whether or not title to a particular parcel of land is encumbered by a mechanic's lien. See

*Pratt & Forrest Co.* v. *Strand Realty Co.*, 233 Mass. 314, 317-318 (1919)."

See also Comment, Construction — Mechanics' Lien, Chapter 364 of the Acts of 1996, 81 Mass. L. Rev. 167 (1996).

Our reading of the 1996 amendments is consistent with the purposes of c. 254. First, the amendments made changes in the provisions concerning the rights and obligations of contractors, subcontractors and lenders that tend to favor those providing the labor and materials rather than those responsible for paying for them, viz., lenders. See *id.* at 168-169. Further, the amendments alleviate uncertainty in the notice and filing procedures, particularly in respect to problems caused by the somewhat arbitrary completion dates required by the former version of c. 254. "Unlike the prior statute, the new chapter 254 does not require the notice to state the date of completion and therefore the complicated and confusing deadlines based upon that date are no longer a concern." Eno & Hovey, Real Estate Law § 11.18.1 (2000). For examples of complications and confusion in respect to deadline dates, see *Mullen Lumber Co.* v. *Lore*, 404 Mass. 750 (1989); *East Coast Steel Erectors, Inc.* v. *Ciolfi*, 417 Mass. 602 (1994); *Volpe Constr. Co.* v. *First Natl. Bank of Boston*, 30 Mass. App. Ct. 249, 254-255 & n.6 (1991).

Finally, our reading of § 24 does not lead to an absurd result. The proviso functions to protect the priority and rights of those mortgagees that advanced funds pursuant to the prior version of c. 254. As for all other mortgagees, their rights have been significantly altered by the 1996 amendments. While the procedures set out in the amendments "clearly benefit[] the contractor, the lender will be forced to exercise greater care in funding as it is no longer in the enviable position of a virtually guaranteed first priority as was the case under the old law." Comment, 81 Mass. L. Rev. at 169.

The homeowners argue that our reading of § 24 results in harm to them. They argue that, under the prior version of c. 254, they would have received earlier notice that Woodscape had not paid Johnson and that, consequently, they would not have paid Woodscape. Although we can understand the homeowners' self-interest, their broad interpretation of the proviso so as to

encompass liens on real property subject to a mortgage filed before November 7, 1996, thereby protecting their individual interests, is not only inconsistent with the plain language of that clause and contrary to established rules of statutory construction, it does nothing to further the objectives of the 1996 amendments. Rather, their reading would bind contractors, subcontractors, and suppliers to the former version of c. 254 for any property that happened to have a mortgage predating the 1996 amendments for the duration of that mortgage.

The homeowners make two arguments in support of their contention that the proviso should be broadly construed to encompass liens on real property subject to a mortgage filed before November 7, 1996, even where a notice of contract is filed subsequent to that date. First, they argue that a literal reading of § 24 leads to the absurd result of treating less experienced and sophisticated homeowners differently from lenders and contractors who are better able to protect themselves. By way of example, the homeowners point to themselves and claim, as previously noted, that under the prior version of c. 254, they would have received earlier notice that Woodscape had not paid Johnson and that, consequently, they would not have paid Woodscape. This claim is presumably made in reliance upon the fact that Johnson had not filed a notice of contract under the thirty-day timetable set out in the prior version of c. 254. On the record before us, we will not attempt to delineate the relative rights and obligations of the homeowners and the mortgagee under their respective construction loan agreements with regard to liens and disbursements. We especially refuse to do so in light of the first clause of § 24, which clearly and unambiguously states that, as of the effective date of the amendments, November 7, 1996, a subcontractor or supplier could file a notice of contract after February 7, 1997.[3]

Second, the homeowners argue that a literal reading of § 24 results in a retroactive alteration of their property rights. We reject this argument for the well-established reasons repeated in the analogous holding of *Turner* v. *Greenaway*, 391 Mass. 1002,

---

[3]We also note that Johnson supplied the materials for Woodscape's use in building the homeowners' houses after August 9, 1996, the date St. 1996, c. 364, was approved.

1003 (1984): "[I]n the area of property law, the bar's reasonable reliance on . . . a statute in effect at the time of transfer (emphasis omitted) precludes retroactive application of a new . . . statute unless, of course, the Legislature *mandates that the statute apply retroactively"* (emphasis supplied).

5. *Conclusion.* Although the homeowners' broad interpretation of the proviso set out in § 24 advances their particular and individual interests, it is inconsistent with the plain language of that provision as well as with the established rules of statutory construction. Moreover, we can discern nothing in the homeowners' reading of the proviso which promotes the objectives of c. 254.[4] For the reasons discussed, we conclude that, for purposes of determining whether the 1996 amendments apply to persons seeking to file and enforce a mechanic's lien, the term "mortgage" in the proviso of St. 1996, c. 364, § 24, refers only to mortgage interests and the rights of mortgagees. Because the mortgagee, Ipswich, is not a party to this action, the proviso does not come into play, and the rights of Johnson and the homeowners are controlled by the first clause of § 24. Since Johnson filed its notices three months after the effective date of St. 1996, c. 364, the liens are controlled by the amendments thereby enacted.

The judgments in favor of the Hoys and the Tullys are reversed. The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[4]Rather, as noted above, the homeowners' reading of § 24 would require that contractors, subcontractors and suppliers conform to the procedures and timetables set out in the prior version of c. 254 in respect to any property subject to a mortgage dated prior to November 7, 1996, for the duration of that mortgage, which could be up to thirty years into the future.