Moses, J.
The plaintiff, Florence Szenher, filed this administrative appeal pursuant to G.L.c. 30A, §14, from a decision of the Division of Medical Assistance Board of Hearings denying her request for retroactive MassHealth benefits to September 1, 2001.
BACKGROUND
On November 13, 2001, Florence Szenher (“Szenher”), submitted a written application for Mass-Health benefits to the Division of Medical Assistance (the “Division”). Upon review, on November 15, 2001, the Division requested that Szenher provide additional documentation by December 13, 2001 in order to verify certain financial information in determining whether she was eligible for MassHealth benefits. Szenher failed to submit the required verifications and on December 21, 2001, the Division denied Szenher’s MassHealth application. Along with the denial notice, the Division sent Szenher notice of her right to appeal the Division’s decision. Szenher filed no such appeal.
On January 9, 2002, Szenher submitted additional verification to the Division. The Division received the verifications on Januaiy 11, 2002 but because Szenher never filed an appeal on her prior denied application, the Division treated the submissions as a new application.
*157 On February 14, 2002, the Division approved Szenher’s MassHealth application, with retroactive benefit coverage to October 1, 2001, pursuant to Title 130 C.M.R. 516.005, but refused to allow retroactive benefit coverage to extend back to September 1, 2001.
On February 25, 2002, Szenher timely filed a request for a fair hearing pursuant to 130 C.M.R. 610.001, appealing the Division’s denial of her request to receive retroactive benefits coverage to September 1,2001. The Division’s Board of Hearings (the “Board”) conducted a hearing on April 4, 2002. On April 10, 2002, the Board affirmed the Division’s decision entitling Szenher to retroactive benefit coverage to October 1, 2001. The Board reasoned that it did not have jurisdiction over the November 13, 2001 application because Szenher failed to appeal the decision and exhaust all her administrative remedies concerning her denial. Thus, the Board concluded that any arguments by Szenher concerning her November 13, 3001 application was not properly before it. From that decision, Szenher filed this appeal pursuant to G.L.c. 30A, §14. Szenher seeks benefits coverage retroactive to September 1, 2001. The parties’ cross motions for judgment on the pleadings are now before the Court.
DISCUSSION
A person aggrieved by a final decision of an agency in an adjudicatory hearing is entitled to judicial review of the agency decision. G.L.c. 30A, §14. In hearing such an appeal, the Court reviews the agency’s decision to determine whether “the substantial rights of any party may have been prejudiced because the agency decision is . . . (b) [i]n excess of the statutory authority or jurisdiction of the agency; or (c) [biased on an error of law; ... or (g) [arbitrary or capricious, an abuse of discretion, or otherwise notin accordance with law.” G.L.c. 30A, §14(7). See Tarin v. Comm’r of the Div. of Medical Assistance, 424 Mass. 743, 750 (1997). In doing so, the Court shall “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7).
A. Disqualifying Transfer Concept
On appeal, Szenher contends that the Board erred in failing to apply a Division concept concerning disqualifying transfer of assets[2] in determining Szenher’s initial application date. The Board determined that the Division did not deny Szenher’s November 13, 2001 application because Szenher made a disqualifying transfer of assets, but rather because Szenher failed to provide the Division with the required verification it requested within thirty days to assist the Division in determining Szenher’s eligibility for MassHealth benefits. 130 C.M.R. 516.001(D) (rev. 7/01/97). Thus, the Division concluded that its concept concerning disqualifying transfer of assets was inapplicable to Szenher’s application. It is this Court’s conclusion that the Board’s determination that the concept of disqualifying transfer of assets is inapplicable to this case is supported by substantial evidence in the record and therefore must be upheld.
B. Jurisdiction Over the November 13, 2001 Application
In its decision, the Board concluded that it did not have jurisdiction to address any issues concerning Szenher’s November 13, 2001 application because she failed to timely appeal the Division’s denial as required by G.L.c. 30A, G.L.c. 30A, §14(1). Therefore, the Board of Hearings disregarded any reference to Szenher’s November 13, 2001 application and calculated her retroactive benefits from the January 11, 2002 reapplication date. As such, the Board concluded that Szenher was to receive retroactive benefits to October 1, 2001. See 130 C.M.R. 516.005 (rev. 7/1/97).
This Court finds that the Board’s decision not to address the merits of Szenher’s November 13, 2001 application is supported by substantial evidence. The record shows that Szenher failed to timely appeal the Division’s decision, thus, the Board is precluded from reviewing that decision. See G.L.c. 30A, §14(1). However, the Board’s decision does not address the issue concerning the date of Szenher’s “initial application” pursuant to 130 C.M.R. 516.005 (rev. 7/1/97). Although the Board could not address the merits of Szenher’s November 2001 application, its final decision has no bearing in determining the filing date of Szenher’s “initial application.” This decision of the Board is supported by substantial evidence.
Although deference is owed to an administrative agency when it is interpreting the regulations it is charged with enforcing, “this principle is one of deference, not abdication, and courts will not hesitate to overrule agency interpretations [that are] inconsistent with the plain terms of the rule itself.” Massachusetts Municipal Wholesale Electric Co. v. Energy Facilities Siting Council, 411 Mass. 183, 191 (1991). Itis evident that the Board’s interpretation of 130 C.M.R. 516.005 is contrary to the plain terms of the regulation and therefore cannot be upheld.
It is a canon of statutory construction that when the language of a regulation is clear and unambiguous, the courts are “constrained to follow” it and enforce the regulation “according to its terms.” Bynes v. School Committee of Boston, 411 Mass. 264, 267 (1991); Johnson Lumber v. Woodscape Homes, Inc., 51 Mass.App.Ct. 323, 326 (2001). The regulation at issue states that “[t]he begin date of Standard, Basic, or Limited coverage may be retroactive to the first day of the third month prior to the month of initial application.” 130 C.M.R. 516.005 (rev. 7/1/97) (emphasis added). As it is clear and unambiguous this Court must “impart to the language its clear and ordinary meaning.” Enos v. Correia, 38 Mass.App.Ct. 318, 322 (1999). The plain and ordinary meaning of the terms “initial application” is that application which is first, or the first application. It does not mean the “current” application. See Chandler v. Reynolds, Civil No. 00- *158 402 (Barnstable Super.Ct. April 18, 2001) (Nickerson, J.). In this case, Szenher’s initial application is the one dated November 13, 2001.
In Chandler v. Reynolds, this Court (Nickerson, J.) interpreted the same regulation and found that the terms “initial application” meant the “first” application and not “current” application. Id. This Court finds this reasoning in Chandler to be persuasive and hereby adopts it for use in the immediate case. Accordingly, in determining Szenher’s retroactive benefit coverage, the November 13,2001 application date must be used. See 130 C.M.R. 516.005 (rev. 7/01/97).
C. Curative Retroactivity Doctrine
The record indicates that shortly after the Chandler decision, the Division revised this exact regulation provision and adopted the following language:
[t]he begin date of Standard, Basic, or Limited coverage may be retroactive to the first day of the third month before the month of application, if covered medical services were received during such period, and the applicant or member would have been eligible at the time services were provided. If more than one application has been submitted and not denied, the begin date will be based on the earliest application that is approved.
130 C.M.R. 516.005 (rev. 9/1/02) (emphasis added). Although this language helps to clarify how the Division will determine one’s application date, it was not in effect at the time Szenher filed her applications. Therefore, this Court must rely on the regulations as they were written on November 13, 2001, the date of Szenher’s first application.
The Board contends, citing Figueroa v. Director of Dept. of Labor and Workplace Development, 54 Mass.App.Ct. 64, 71 (2002), that this Court should apply the doctrine of curative retroactivity to this case and enforce the amended regulations retroactively to Szenher. In Figueroa, the Court of Appeals found that an amended regulation was to be applied retroactively to the plaintiffs original application for unemployment benefits, for the amendment was “curative” in nature.[3] Id. The Court held that “(t]he doctrine [of curative retroactivity] is flexible enough to deal not only with technical mistakes and oversights but with legislative and administrative efforts to fine tune existing regulatory schemes if the tuning can be done without creating injustice or upsetting settled expectation.” Id. at 71. The Board contends that the changes in the revised regulations were mere technical amendments in the phrasing and did not change any eligibility criteria and that Figueroa should control and 130 C.M.R. 516.001, in its current form, should be applied retroactively to Szenher’s case. Id.
This Court does not agree with the Board’s argument that Figueroa should control here. The amendments to 130 C.M.R. 516.005 (rev. 9/1/02) were not “curative” in nature, but rather substantially changed the regulation. Hence, the expectations of MassHealth applicants of Szenher were likewise substantially changed. Even if this Court were to assume, inter alia, that the amendments were “curative,” this case is distinguishable from Figueroa. In Figueroa, the application of the curative retroactivity doctrine worked to benefit the plaintiff, while in the immediate case, the amended regulation, if applied, would harm Szenher’s interests. The revised regulations would preclude Szenher’s November 13, 2001 application from being considered her “initial application” because that application was denied and denied applications cannot be considered in determining one’s initial application date. 130 C.M.R. 516.005 (rev. 9/1/02). This Court concludes that applying the revised regulations to Szenher would work an injustice and would therefore be inappropriate.
This Court concludes that Szenher filed her “initial application” for MassHealth benefits on November 13, 2001. Under the regulations in effect at the time of her filing, Szenher is entitled to three months of retroactive benefits from her “initial application” date. 130 CMR 516.005 (rev. 7/01/97). Szenher is entitled to receive retroactive benefits to September 1, 2001, provided that she would have been eligible to receive benefits at that time
ORDER
For the foregoing reasons, the plaintiffs, Florence Szenher, Motion for Judgment on the Pleadings is ALLOWED and the defendant Wendy E. Waring’s, Commissioner of the Division of Medical Assistance, Motion for Judgment on the Pleadings is hereby DENIED. The defendant is hereby ORDERED to provide plaintiff with retroactive MassHealth benefits to September 1, 2001, provided that she would have qualified to receive such benefits at the time.

 The Division concept of disqualifying transfer of assets provides in pertinent part that if an applicant is denied benefits due to a disqualifying transfer of assets and the transfer is cured, the Division will treat the denial as if it never occurred. See 130 C.M.R. 520.019(J)(2)(b) (rev. 10/1/99).

 The plaintiff in Figueroa was an unemployed mother of one who applied for basic unemployment benefits. Id. at 66. At the time she applied, the plaintiff was pursuing a degree at Bunker Hill Community College. Id. at 66-67. The Division of Employment and Training (“DET”) denied plaintiffs application for benefits because it found that the Bunker Hill program the plaintiff was enrolled in did not consume enough hours each week or provide enough credits each semester to satisfy DETregulation criteria. Id. at 67. The plaintiffs credits did not meet the minimum 12 hours required. Id. However, while the plaintiff was going through the administrative process, the DET amended its regulations and changed the eligibility criteria. Id. at 69-70. The amended eligibility criteria would have benefitted the plaintiffs application had she applied for benefits after the enactment of the revised regulations. Id.