Kern, J.
This is an appeal pursuant to G.L.c. 30A, §14, from a decision of the Board of Hearings of the Division of Medical Assistance to deny the plaintiff, Phyllis Emerson’s, request for MassHealth benefits effective retroactive from June 22, 2002. Presently before the court are cross motions for judgment on the pleadings. For the reasons set forth below, it is ORDERED that the plaintiffs Motion for Judgment on the Pleadings is ALLOWED, and the defendant’s Cross Motion for Judgment on the Pleadings is DENIED.

BACKGROUND

The facts are taken from the certified Administrative Record. On June 22, 2002, the plaintiff first submitted an application for MassHealth benefits. The Division of Medical Assistance (“the Division”) received the application on June 27, 2002. The Division, on August 7, 2002, denied the plaintiffs application for MassHealth benefits because the application lacked required verifications.
On September 1, 2002, the Division revised its regulations concerning the retroactive application of MassHealth benefits. Prior to September 1, 2002, the regulation at issue stated that “(t]he begin date of Standard, Basic, or Limited coverage may be retroactive to the first day of the third month prior to the month of initial application." 130 C.M.R. 516.005 (rev. 7/1/97) (“1997 Regulation”). In contrast, the revised *68 regulation states that, “(t]he begin date of Standard, Basic, or Limited coverage may be retroactive to the first day of the third month before the month of application ... [i]f more than one application has been submitted and not denied, the begin date will be based on the earliest application that is approved.” 130 CMR 516.005 (rev. 9/1/02) (“2002 Regulation”).
On September 4, 2002, the plaintiff submitted verifications in response to the Division’s August 7, 2002 denial of benefits. The Division requested further verifications on September 5, 2002. On September 11, 2002, the Division approved the plaintiffs application. It established that the plaintiffs date of application was September 5, 2002 and therefore, the plaintiff was eligible for MassHealth benefits starting from June 1, 2002.
The plaintiff sought an administrative appeal of the Division’s determination of eligibility. The plaintiff contended that the date of application should be set at June 22, 2002 and therefore, benefits should be extended retroactive to April 16, 2002. On October 31, 2002, the Division’s Board of Hearings (“the Board”) conducted a fair hearing and affirmed the Division’s decision to set retroactive coverage from June 1,2002. The plaintiff now seeks judicial relief from the administrative decision.
DISCUSSION STANDARD OF REVIEW
General Law c. 30A, §14(7) provides in part: “(t]he court may set aside or modify the [agency] decision ... if it determines that the substantial rights of the party may have been prejudiced because the agency decision is — (b) [i]n excess of the statutory authority or jurisdiction of the agency; or (c) [b]ased on an error of law; ... or (g) [arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.” In reviewing administrative decisions, the court is required to “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7); Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997); School Comm. of Brockton v. Civil Serv. Comm’n, 43 Mass.App.Ct. 486, 490 (1997). “The burden is on the appealing party to demonstrate the invalidity of the administrative determination. [Citations omitted.]" Faith Assembly of God of South Dennis & Hyannis, Inc. v. State Building Code Commission, 11 Mass.App.Ct. 333, 334-35 (1981).
A. Application of Proper Division Regulations
At issue is whether the 1997 Regulation or the 2002 Regulation should apply to the current action in which the plaintiff had initially applied for MassHealth benefits prior to the promulgation of the 2002 Regulation. Under the 1997 Regulation, the plaintiff would be entitled to an initial application date of June 22, 2002 and retroactive coverage effective from April 16, 2002. The subsequent submissions of verifications and the October 31, 2002 administrative appeal would all be considered part of the “initial” June 22, 2002 application. Therefore, having sought the “final decision” of the Board on October 31, 2002, the plaintiff would be deemed to have exhausted her administrative remedies with respect to her June 22, 2002 application and this Court would have jurisdiction to decide issues pertaining to that application. See G.L.c. 30A, §14 (“[A]ny person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding . . . shall be entitled to judicial review . . .”).
Under the 2002 Regulation, however, the plaintiff would be entitled to an application date of September 5, 2002 with retroactive coverage effective only from June 1, 2002. Since the September 5, 2002 submission of verifications would be considered a new application separate from the June 22, 2002 application, the plaintiff would only be deemed to have exhausted her administrative remedies with respect to her September 5, 2002 application. As a result, if the 2002 Regulation is applied in the instant case, this Court would not have jurisdiction over matters pertaining to the June 22, 2002 application. See id.
This court holds that the Board incorrectly applied the 2002 Regulation to the instant case.[1] Generally, regulatory changes only apply to events that occur after the effective date of the change. See Child Support Enforcement Div. of Alaska v. Brenckle, 424 Mass. 214, 219, quoting from Hanscom v. Malden & Melrose Gaslight Co., 220 Mass. 1, 3 (1914). One of the exceptions to this rule is the doctrine of curative retroactivity, which allows for changes “designed to remedy mistakes and defects in the administration of government where the remedy can be applied without injustice.” Canton v. Bruno, 361 Mass. 598, 609 (1972), quoting from Graham & Foster v. Goodcell, 282 U.S. 409, 429 (1931). In the instant case, the September 1, 2002 changes cannot “be applied without injustice.” Id. The plaintiff initially applied for MassHealth benefits under the 1997 Regulations and should be able to rely on the fact that the rules governing her application would not be adversely altered in the middle of her application process to deny her healthcare entitlements. See Figueroa v. Director of Dept of Labor and Workplace Development, 54 Mass.App.Ct. 64, 71 (2002) (stating that administrative curative retroactivity can be applied if “the tuning can be done without creating injustice to settled expectations”). As previously described, application of the September 1, 2002 changes (2002 Regulation) would effectively deny the plaintiff forty-six days of MassHealth coverage by retroactively applying coverage from June 1, 2002 instead of April 16, 2002.
B. Jurisdiction
The defendant argues that the plaintiff applied for the MassHealth benefits after the promulgation of the 2002 Regulation and therefore, the 2002 Regulation applies to the instant case. According to the defendant, *69 the plaintiffs failure to appeal the August 7, 2002 Notice of Denial effectively ended the June 22, 2002 application, which was governed by the 1997 Regulation. As a result, the September 4, 2002 submission of verifications was deemed to be a separate application and the October 31, 2002 appeal was an exhaustion of administrative remedies in regards to the September 4, 2002 application and not the previous June 22, 2002 application. Using defendant’s analysis, only the September 4, 2002 application would be properly before this court. See G.L.c. 30A, §14.
This argument is faulty because it ignores the fact that the 1997 Regulation, which was in effect at the time of the plaintiffs initial application, would not have required the plaintiff to administratively appeal the August 7, 2002 Notice of Denial. Under the 1997 Regulation, the September 4, 2002 submission of verifications would have been considered part of the initial June 22, 2002 application. C.M.R. 516.005 (rev. 7/1/97). Acting in reliance on the Division Regulations that were in effect at the time the plaintiff initially applied for MassHealth benefits, the plaintiff had a “settled expectation” that each subsequent submission of verifications would be considered part of the initial application. See Figueroa, 54 Mass.App.Ct. at 71. Application of the 2002 Regulation would create an injustice to this expectation and effectively deny the plaintiff retroactive coverage from April 2002.
As previously discussed, under the 1997 Regulation, the plaintiffs October 31, 2002 administrative appeal constitutes an exhaustion of administrative remedies with respect to the June 22, 2002 application and gives this Court jurisdiction over matters pertaining to that application. See G.L.c. 30A, §14.

ORDER

For the foregoing reasons, it is ORDERED that the plaintiffs Motion for Judgment on the Pleadings is ALLOWED, and the defendant’s Cross-Motion for Judgment on the Pleadings is DENIED. Judgment shall enter for the Plaintiff.

 This court agrees with the reasoning in Chandler v. Reynolds, Civil No. 00-402 (Barnstable Super.Ct. April 18, 2001) (Nickerson, J.), and Szenher v. Warring, Civil No. 02-00552 (Bristol Super.Ct. February 27, 2003) (Moses, J.) (16 Mass. L. Rptr. 156), that the plain and obvious meaning of the word “initial” within the context of the 1997 Regulation does not mean “current." Initial application refers to the first application — in this case, the June 22, 2002 application. Therefore, underthe 1997 Regulation, if an applicant submits additional verification materials after receiving a Notice of Denial due to lack of verifications, the “initial” application is reopened; the applicant is not deemed to have re-applied.