ALLSTATE INSURANCE COMPANY *vs.* AMY REYNOLDS. No. 95-P-1429. October 23, 1997. *Insurance,* Motor vehicle insurance, Notice. *Limitations, Statute of. Practice, Civil,* Summary judgment, Frivolous action, Costs. *Statute,* Construction.

The issue in this declaratory judgment action brought by Allstate Insurance Company (Allstate) is whether the personal injury claims of Amy Reynolds are barred by the three-year statute of limitations. See G. L. c. 260, § 2A. Reynolds moved for summary judgment; the Superior Court judge ruled that the statute of limitations was tolled by the provisions of G. L. c. 231, § 140B, and he allowed Reynolds's motion. Allstate appealed.

The following facts are undisputed. On August 7, 1989, Reynolds was injured when an automobile in which she was a passenger was involved in an accident with a vehicle operated by James A. Sauer. Arbella Insurance Company (Arbella) provided primary coverage in the amount of $100,000 on the Sauer vehicle, while Allstate provided an excess insurance policy in the amount of $2,000,000.

Following the accident, discussions took place between Susan Kendall, Reynolds's attorney, and representatives of both insurers regarding the possibility of a payment toward Reynolds's claims against Sauer. Ms. Kendall was able to negotiate a payment of $100,000. On September 6, 1990, Allstate sent Ms. Kendall a check payable to "Amy Reynolds and her attorney, Susan Kendall" in the amount of $100,000. The cover letter stated that the $100,000 was "to be credited to the final settlement of your client's bodily injury claim." Neither Arbella nor Allstate ever provided written notice to Reynolds regarding the statute of limitations applicable to her claims. See G. L. c. 231, § 140B, the provisions of which are set out in the margin.[1]

Reynolds did not file suit against Sauer within the three-year limitations

---

[1] General Laws c. 231, § 140B, as amended by St. 1971, c. 141, provides:

"Any person against whom a claim or suit for damages on account of bodily injury, property damage, or death is made, or if such person is insured against loss by reason of his liability to pay such damages the insurer of such person may advance money to, or pay bills incurred by or on behalf of, such claimant, or plaintiff, as the case may be, without affecting the question of liability for such damages. and evidence of such payments shall not be admissible at the trial of such suit on the issue of liability or to mitigate damages; but if, in such case, there shall be a judgment in favor of the plaintiff for money damages, the presiding judge of the court in which judgment is entered shall, upon motion of the defendant, credit upon such judgment the amount of such payments.

*"Any such insurer who makes an advance payment under this section shall at the time of making such payment, by notice in writing, inform the claimant of the statute of limitations applicable to his claim and the time within which an action is required to be commenced to enforce such claim in a court of competent jurisdiction.*

"The cause of action of any claimant who receives an advance payment under this section but who is not given the written notice required hereunder shall accrue on the date such written notice is actually given and not on the date the injury or damage was sustained." (Emphasis added.)

period, but she argues that the statute of limitations was tolled pursuant to § 140B.

Allstate claims that it was not required to provide written notice to Reynolds under G. L. c. 231, § 140B, because (1) the statute does not apply where the claimant is represented by an attorney, and (2) the $100,000 payment made by Allstate was intended to be a "payment in full" of the Arbella policy and, therefore, was not an "advance payment" within the meaning of the statute.

1. *Advance payments.* There is a dispute among the parties as to whether the $100,000 payment was intended to be from Allstate, or by Allstate on behalf of Arbella. Allstate argues that the payment was intended to be a "full payment" of the $100,000 Arbella policy — not an "advance payment" of the $2,000,000 Allstate policy[2] — and therefore it was not required to inform Reynolds of the statute of limitations applicable to her claims because the payment was not an "advance payment" within the meaning of G. L. c. 231, § 140B. At the very least, Allstate claims that the dispute regarding which insurer's money was paid to Reynolds raises an issue of fact that can only be resolved at trial.

Summary judgment will be granted where there is no genuine issue as to any material fact in dispute and where the moving party is entitled to judgment as matter of law. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976). *Massachusetts Hosp. Assn.* v. *Department of Pub. Welfare*, 419 Mass. 644, 649 (1995). That some facts are in dispute does not necessarily defeat a motion for summary judgment. "[T]he existence of disputed facts is consequential only if those facts have a material bearing on disposition of the case." *Hogan* v. *Riemer*, 35 Mass. App. Ct. 360, 364 (1993). *Beatty* v. *NP Corp.*, 31 Mass. App. Ct. 606, 607 (1991).

As the judge observed in his memorandum of decision, the dispute as to which insurer's money was paid is not material to the resolution of this controversy. Regardless of whether the payment was made on behalf of Allstate, or whether it constituted a payment in full of the $100,000 Arbella policy, the payment qualifies as an "advance payment" within the meaning of G. L. c. 231, § 140B, as matter of law.

When read as a whole, the language of G. L. c. 231, § 140B, refers to insurers who advance money toward a claimant's damages before the claim is finally settled. The statute's chief purpose is to encourage partial payments of claims where the parties cannot agree on the full amount to which the claimant is entitled. The statute protects the insurer by providing that its liability, if any, shall not be affected, and by providing that evidence of any advance payment shall not be admissible at the trial. The statute is not worded in a way that requires an inquiry into whether the damage payment is a full or partial payment of a particular insurance policy. The word "policy" does not appear once in G. L. c. 231, § 140B.

---

[2]Arbella itself originally offered to make the $100,000 payment to Reynolds. However, Arbella later decided not to make the payment because Reynolds refused to execute a general release of her personal injury claims. Arbella then entered into negotiations with Allstate, and Allstate allegedly agreed to pay Reynolds on behalf of Arbella. Allstate states that Arbella agreed to reimburse Allstate when the case is concluded.

In this case, the $100,000 payment made by Allstate was intended to be a partial payment for Reynolds's claims against Sauer. In its complaint for declaratory judgment, Allstate admitted that Reynolds's claims have a settlement value in excess of $100,000. A notation on the $100,000 check sent to Ms. Kendall by Allstate indicated that the payment was for "partial settlement of any and all claims arising from bodily injury caused by accident on 08/07/89." The cover letter accompanying the check also stated that the payment was to be credited to the final settlement of Reynolds's bodily injury claim. Even if the $100,000 payment made by Allstate was intended to constitute full payment of the Arbella policy, it was still an advance payment against the final settlement of Reynolds's personal injury claims.

We conclude that the Superior Court did not err in allowing Reynolds's motion for summary judgment. The $100,000 payment made by Allstate was an "advance payment" under G. L. c. 231, § 140B, and the statute required Allstate to inform Reynolds in writing of the statute of limitations applicable to her claims. Because Allstate failed to provide written notice to Reynolds, the Superior Court correctly determined that the statute of limitations was tolled pursuant to G. L. c. 231, § 140B.

2. *Representation by counsel.* Allstate argues first that since it "was negotiating with claimant's counsel and not with Reynolds . . . no [statutory] notice . . . was required." The statute, however, makes no such exception. Nor is the statute inapplicable because the $100,000 payment "was sent to the claimant's attorney," rather than to the claimant. Again, the statute provides for no such exception. Allstate also claims the statute applies "only when . . . [the] insurer makes a partial payment to a *claimant*" (emphasis in original). Allstate's $100,000 check was made payable to Reynolds and her attorney, and it cannot be said that payment was *not* made to Reynolds.

Words in a statute "are to be accorded their ordinary meaning and approved usage." *Hashimi* v. *Kalil*, 388 Mass. 607, 609 (1983). *Commonwealth* v. *Anderson*, 38 Mass. App. Ct. 707, 711 (1995). General Laws c. 231, § 140B, as amended by St. 1971, c. 141, provides that an "insurer who makes an advance payment under this section shall at the time of making such payment, by notice in writing, inform the *claimant* of the statute of limitations applicable to his claim" (emphasis supplied). The term "claimant" is defined in Black's Law Dictionary 247 (6th ed. 1990) as "one who claims or asserts a right, demand or claim." Where the language of a statute is plain, courts enforce the statute according to its wording. *Weitzel* v. *Travelers Ins. Cos.*, 417 Mass. 149, 153 (1994). *Enos* v. *Correia*, 38 Mass. App. Ct. 318, 322 (1995). On its face, § 140B requires written notice to be given to the claimant. There is nothing in this definition that excuses the required notice where a claimant is represented by counsel. The statutory language provides no basis for disparate treatment of claimants who are represented by counsel. See *Baker* v. *Coca Cola Bottling Co. of Cape Cod*, 5 Mass. App. Ct. 217, 219 (1977) ("[T]he law should not impose special disabilities on one who is represented by counsel").

We conclude that when an insurer makes an advance payment pursuant to G. L. c. 231, § 140B, the insurer is required to provide written notice of the statute of limitations to the claimant, even where the claimant is represented by counsel.

Reynolds requested double costs. Under Mass.R.A.P. 25, as amended, 378

Mass. 925 (1979), "[a]n appeal is frivolous '[w]hen thè law is well settled, when there can be no reasonable expectation of a reversal.' " *Avery* v. *Steele,* 414 Mass. 450, 455 (1993), quoting from *Allen* v. *Batchelder,* 17 Mass. App. Ct. 453, 458 (1984). Here, the interpretation of G. L. c. 231, § 140B, was not well-settled. Thus, Reynolds's request for double costs is denied.

*Judgment affirmed.*

*John A. Wickstrom* (*Mark P. Wickstrom* with him) for the plaintiff.

*Leonard F. Zandrow, Jr.* (*John W. Brister* with him) for the defendant.

