Spurlock, J.
The defendant, Dr. Andrew J. Friedman, brings this motion for summary judgment. The defendant contends that the plaintiffs executed a Release of the present medical malpractice claim on August 17, 1992. The plaintiffs counter that the release addressed one particular malpractice act: leaving a medical instrument inside the patient’s body. The current claim alleges the defendant failed to locate and remove Mrs. LeBlanc’s left ovary during a subsequent hysterectomy. For the following reasons, defendant’s motion for summary judgment is ALLOWED.
FACTS
On March 16, 1992, Dr. Friedman conducted a pelviscopy and a laparoscopy on Mrs. LeBlanc. After the procedures, Dr. Friedman incorrectly informed Mrs. LeBlanc that she did not have a left ovary. Furthermore, Dr. Friedman left a medical instrument inside Mrs. LeBlanc following the laparoscopy. Because Dr. Friedman failed to detect Mrs. LeBlanc’s left ovary, he did not remove it during the June 3, 1992 hysterectomy he performed on her.
Hospital representatives contacted the LeBlancs about the medical instrument left inside of her. On August 17, 1992, the plaintiffs received $7,000 in exchange for executing a Release to any claims arising out of the incident. In relevant part, the Release states that:
[The LeBlancs] release and forever discharge . . . Andrew Friedman, M.D ... of and from all debts, demands, actions, causes of actions, suits, accounts, covenants, contracts, agreements, damages of any and all claims, demands and liabilities whatsoever, which we now have or might have, upon or against . . . Andrew Friedman, M.D . . . more especially from all claims arising out of any and all personal injuries, damages, expenses and any loss or damage whatsoever resulting from care and treatment rendered to Diane LeBlanc on or about March 16, 1992 by Andrew Friedman, M.D.
It is the intention of both parties hereto that this Release shall resolve any and all claims of any kind of nature which I have against . . . Andrew Friedman, M.D . . . including specifically, without limiting the generality of the foregoing, claims for injuries currently existing but unknown to either or both parties hereto.
DISCUSSION
This court grants summary judgment where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. McNeil v. Metropolitan Prop. & Liab. Ins, Co., 420 Mass. 587, 589 (1995); Allstate Ins. Co. v. Reynolds, 43 Mass. App. Ct. 927, 929 (1997). The court resolves any conflicts in the affidavits, documents, or facts the parties present, and makes all logically permissible inferences in the nonmoving party’s favor. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991) (citations omitted). Where there is any doubt that a genuine issue of material fact exists, the court should deny a summary judgment motion. Correllas v. Viveiros, 410 Mass. 314, 316-17 (1991) (citations omitted). While the plaintiffs dispute a number of facts stated by the defendant, they do not dispute the fact essential in determining the issue before the court: the genuineness of the Release signed by the LeBlancs.
*75 The plaintiffs contend that they only intended to release the defendant from the “medical instrument” claim. The plaintiffs subjective intent conflicts with the Release’s provisions and an unambiguous agreement must be enforced according to its terms. Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (citing Freelander v. G.&K. Realty Corp., 357 Mass. 512, 516 (1970)). The Release states that the parties intended to include all claims known and unknown at the time of the Release’s execution. When construing a contract, a court must give reasonable effect to each provision. J.A. Sullivan Corp. v. Commonwealth of Mass., 397 Mass. 789, 795 (1986). Giving effect to the Release’s provisions results in barring any claims plaintiff may have had against the defendant up to and including August 17, 1992. Since the claims brought here arise from acts that occurred prior to August 17, 1992, the Release bars plaintiffs’ claims.
ORDER
For the reasons set forth above, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED.