McEvoy, J.
This case arose after the defendant, Joseph Guerreiro (“Guerreiro”), reported to police that he was struck and injured by a motor vehicle allegedly driven by the plaintiff, Pamela Lusek (“Lusek”). The Boston Police Department filed a criminal complaint against Lusek for leaving the scene of an accident after causing personal injury. A required finding of not guilty was entered for Lusek at her criminal trial. Lusek subsequently brought this complaint against Guerreiro for malicious prosecution (Count I) and abuse of process (Count II). The court granted Defendant’s motion for summary judgment on the malicious prosecution claim (Count I). Guerreiro now moves for judgment on the pleadings or in the alternative for summary judgment on Count II, abuse of process. For the following reasons, Guerreiro’s motion for judgment on the pleadings for Count II is DENIED and his motion for summary judgment on Count II is ALLOWED.
BACKGROUND
On the morning of June 23, 1997, Guerreiro, a pedestrian, was allegedly struck by a car as he was crossing Kneeland Street in Boston, Massachusetts, at the Massachusetts Turnpike exit. Guerreiro claims he was crossing within the designated crosswalk with the “walk” signal. Allegedly, the driver of the vehicle did not stop after striking Guerreiro. After a witness assisted Guerreiro, he went to his place of employment and phoned the Boston Police Department to report a hit-and-run accident. Guerreiro reported the license plate number of a vehicle that was registered to Lusek. According to Police Officer Roseanne Foley’s report, Lusek called the Boston Police approximately one hour after the .accident to report that she had struck a pedestrian. After an investigation, the Boston Police issued a citation to Lusek, and filed a criminal complaint against her in the Boston Municipal Court.
An assistant clerk magistrate of the Boston Municipal Court held a show cause hearing on August 19, 1997, at which Guerreiro was present. The clerk issued a criminal complaint against Lusek for leaving the scene of an accident causing personal injury, a violation of G.L c. 90, §24(al/2)(l), and a summons for Lusek’s appearance for arraignment in the Boston Municipal Court on September 25, 1997. Guerreiro testified at Lusek’s trial, which was held on March 10, 1998. Guerreiro also submitted a victim impact statement to the court, reiterating his belief that Lusek struck him and detailing his injuries caused from the accident. At the conclusion of the Commonwealth’s case, the court allowed Lusek’s motion for a required finding of not guilty and dismissed the criminal complaint. This record does not indicate the reason why the required finding was entered.
DISCUSSION
1. Standard of Review
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(C); Allstate Insurance Co. v. Reynolds, 43 Mass.App.Ct. 927, 929 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion.” Id. at 17. The nonmoving party cannot defeat the motion for summary judgment by simply resting upon the mere allegations or denials of his pleading, “but his response, by affidavits or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viverios, 410 Mass. 314, 317 (1991). For summary judgment purposes, the court must view the facts “in the light most favorable to the [Plaintiff],” G.S. Enterprises, Inc. v. Falmouth Marine Inc., 410 Mass. *392 262. 263 (1991), and make all logically permissible inferences in the Plaintiff s favor. Ulwick v. De Christopher, 411 Mass. 401, 402 (1991).
II. Analysis
The elements of abuse of process are: (1) the legal process was used; (2) for an ulterior or illegitimate purpose; and (3) that resulted in damage to the Plain-, tiff. Beecy v. Pucciarelli, 387 Mass. 589, 595 (1982), quoting Quaranto v. Silverman, 345 Mass. 423, 426 (1963). The essence of the tort of abuse of process is the use of the process as a threat to coerce or extort some collateral advantage not properly involved in the proceeding. Cohen v. Hurley, 20 Mass.App.Ct. 439, 442 (1985). The plaintiff is not required to prove that the action brought by the defendant was groundless. Beecy v. Pucciarelli, 387 Mass. at 596. However, evidence that the defendant knew or had reason to know that the claim was groundless is relevant towards whether the process was used for an ulterior purpose. Id.
Guerreiro argues that he is entitled to summary judgment because there has not been argued any material issue of fact that he either had the opportunity to, or did in fact, exercise control over the actions of the District Attorney’s office or the Clerk Magistrate in proceeding with the criminal action initiated and prosecuted against Ms. Lusek. Specifically, Guerreiro points to the fact that the police officer signed the application for the complaint and that the matter was prosecuted by the District Attorneys office. He therefore asserts that these facts constitute an absolute defense and that there can be no abuse of process in such a situation. Additionally, he claims that at all times his presence and testimony were the result of either having been notified of the Clerk’s hearing by the Plaintiffs counsel or by the subpoena issued to him by the Suffolk County District Attorney’s Office. There is no genuine dispute as to these claims.
Plaintiff asserts that the Defendant committed abuse of process by making perverse use of the litigation process through instigating criminal action against Lusek for the improper ulterior purpose of recovering money, and that, as a result, she suffered damages. Plaintiff alleges that Defendant’s efforts to ensure that Plaintiff was charged with a crime go well beyond a mere report of facts to the police, since, in addition to calling the police, Defendant appeared as the sole hostile witness to present evidence against Plaintiff at the show cause hearing and was involved in every phase of the criminal prosecution. Furthermore, the Plaintiff argues that the victim impact statement and the records of the District Attorney’s office show that Defendant improperly sought to recover for medical bills allegedly incurred as a result of his alleged injuries by means of a criminal proceeding against Plaintiff.
A successful abuse of process claim must demonstrate that the defendant did more than set the criminal law in motion. Wood v. Graves, 144 Mass. 365, 369 (1887). The defendant relies upon Leventhal v. Dockser for the proposition that a successful claim of abuse of process must allege that the defendant either directed the criminal process or had control or influence over those in charge of the prosecution. Leventhal v. Dockser, 358 Mass. 799 (1970) (rescript); accord MacLean v. Naumkeag, 268 Mass. 437, 439 (1929) (finding no sufficient allegation of abuse of process when criminal proceedings against plaintiff were entirely under supervision of assistant district attorney and plaintiff was arrested by public officials acting as officers of government in performance of public duty, not as agents of defendant). Although both these cases were dealing with the sufficiency of pleadings prior to the adoption of the Massachusetts Rules of Civil Procedure, they do stand for the proposition that as an element of abuse of process, the plaintiff must prove that defendant either directed the criminal process or had control or influence over those in charge of the prosecution. See Leventhal v. Dockser, 358 Mass. at 799; MacLean v. Naumkeag, 268 Mass. at 439. In this case, in the light most favorable to the Plaintiff, there is no evidence of a genuine dispute as to whether Defendant Guerreiro either directed the criminal process or had control or influence over those in charge of the prosecution. Unlike cases where the court has found an abuse of power, see eg., White v. Apsley Rubber Co., 80 N.E. 500, 501 (Mass. 1907) (landlord filed complaint against a tenant which caused the tenant to be arrested solely to have tenant abandon claim to occupy), this case involves an undisputed accident where the injured party sought to recover medical costs as restitution. Seeking restitution in a criminal case is a common occurrence.
The Plaintiff did not plead in her complaint that the defendant either directed the criminal process or had control or influence over those in charge of the prosecution. However, this is no longer necessary. See Mass.R.Civ.Proc. R. 2, 3. However, in the light most favorable to the plaintiff, the plaintiff cannot demonstrate any evidence of direction of the criminal proceedings no control or influence over said prosecution, and therefore, no genuine dispute of material fact exists as to whether Guerreiro had opportunity to, or did, exercise control over the actions of the District Attorney’s office in a manner that could constitute an abuse of process. Therefore, Guerreiro’s motion for summary judgment on that claim is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Joseph Guerreiro’s motion for judgment on the pleadings on count II of the complaint is DENIED and his motion for summary judgment on Count II of the complaint is ALLOWED.