# United States Court of Appeals

## For the First Circuit

No. 05-2459

DIMAIO FAMILY PIZZA & LUNCHEONETTE, INC.;
ANTHONY A. DIMAIO,

Plaintiffs, Appellants,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Kenneth P. Neiman, U.S. Magistrate Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

Mark J. Albano, with whom Dalsey, Ferrara & Albano was on
brief, for appellants.
Gerald P. Dwyer, Jr., with whom Wystan M. Ackerman and
Robinson & Cole LLP were on brief, for appellee.

May 30, 2006

**TORRUELLA, Circuit Judge.** On December 7, 2004, the United States District Court for the District of Massachusetts entered summary judgment in favor of Charter Oak Fire Insurance Company ("Charter Oak") in an action brought by appellants Anthony A. DiMaio ("DiMaio") and DiMaio Family Pizza & Luncheonette, Inc. ("DiMaio Family Pizza"). On January 25, 2005, the district court denied appellants' motion for relief from summary judgment under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Appellants herein appeal. Because we find that their contract claims were time-barred under the applicable limitations period, we affirm.

## I. Facts

Appellants operated the Villa DiMaio Restaurant ("the Restaurant") at 268 State Road in Whately, Massachusetts. Charter Oak issued a property insurance policy ("the Policy") to the Restaurant, effective from February 18, 2000 to February 18, 2001.

On December 18, 2000, the Restaurant sustained substantial damage in a fire. On February 25, 2000, prior to the fire, DiMaio Family Pizza had filed for Chapter 11 bankruptcy. After the fire, on March 21, 2001, DiMaio Family Pizza's bankruptcy case was converted from a Chapter 11 case to a Chapter 7 case. On December 27, 2001, DiMaio filed for personal bankruptcy under Chapter 7. Two bankruptcy trustees were appointed, one to

represent each estate, and both appellants were represented by counsel in their respective bankruptcy proceedings.

After the fire, the Town of Whately ("the Town") requested that DiMaio demolish the building and remove the destroyed property. Because DiMaio was without funds, the Town undertook to demolish the building and remove the wreckage. The Town then made a claim against DiMaio for the demolition and debris removal, and DiMaio in turn made a claim against Charter Oak. Charter Oak issued an "advance" check of $20,000 to cover these costs, payable to both DiMaio and the Town. After DiMaio filed for personal bankruptcy, Charter Oak paid approximately $345,000 on the insurance claim to CIT Small Business Lending Corporation, a creditor of appellants. Appellants initiated this action because they seek to recover additional money under the Policy for property damage and business income losses allegedly sustained as a result of the fire.

Under the Policy's suit limitation provision, the terms of which are set forth in and mandated by Mass. Gen. Laws, ch. 175, § 99, suit must be brought within two years of the date of loss. The suit limitation was thus set to expire on December 18, 2002. Accordingly, both bankruptcy trustees asked Charter Oak to agree to extend the suit limitation period. Charter Oak extended the suit limitation period to February 17, 2003. Again at the trustees' request, Charter Oak later agreed to a second extension to

April 11, 2003. In the end, although Charter Oak agreed to a four-month extension of the suit limitation period, neither of the bankruptcy trustees ever brought suit.

On April 11, 2003, the extended suit limitation period expired. Neither appellants nor their bankruptcy trustees sought or received a further extension of the suit limitation period. The complaint in the instant case was not filed until February 12, 2004, more than ten months after the extended suit limitation period had expired.

## II. Analysis

Our review of a grant of summary judgment is de novo, and we view the facts in the light most favorable to the nonmovant. Lockheed Martin Corp. v. RFI Supply, Inc., 440 F.3d 549, 552 (1st Cir. 2006). We review the district court's denial of a motion for reconsideration of a grant of summary judgment under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for manifest abuse of discretion. See Roger Edwards, LLC v. Fiddes & Son, Ltd., 427 F.3d 129, 132 (1st Cir. 2005); Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994).

Appellants do not dispute the fact that they failed to file suit within two years of the date of the fire. Instead, they appeal the grant of summary judgment on two grounds. First, they claim that, having filed for bankruptcy and thus having no standing to bring suit within two years of the loss, they fall within an

-4-

exception to the limitations provision of Mass. Gen. Laws ch. 175, § 99. Second, they maintain that Charter Oak's failure to comply with the provisions of another statute, Mass. Gen. Laws ch. 231, § 140B, tolled the limitations period. We address each claim in turn.

## A. Enjoined-or-Abated Clause

Appellants claim that their commencement of this litigation was timely because their respective bankruptcies enjoined them from filing suit or action upon the Policy until the trustees abandoned their claims.[1] They rely upon the enjoined-or-abated clause in Mass. Gen. Laws ch. 175, § 99, which provides as follows:

> If suit or action upon this policy is <u>enjoined or abated</u>, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

Mass. Gen. Laws ch. 175, § 99 (emphasis added). Charter Oak argues -- and the district court agreed -- that appellants were neither enjoined nor abated from commencing suit against Charter Oak in the manner contemplated by § 99.

---

[1] The trustee for DiMaio Family Pizza was ordered to abandon any claim against Charter Oak on April 2, 2003, and the trustee for DiMaio was ordered to abandon its interest on June 20, 2003. Appellants initiated this suit on February 12, 2004.

Appellants first contend that the plain language of the enjoined-or-abated clause of § 99 clearly includes bankruptcy proceedings within its ambit. They argue in their brief to this Court that "the common meaning" and "fair reading" of the enjoined-or-abated clause makes plain that their respective bankruptcies "operated to enjoin the assertion of their claims on the policy" and thus that they qualify for an extension of the limitation period under § 99. This argument fails.

Appellants' position is predicated on the erroneous assumption that bankruptcy proceedings created an "automatic stay" that enjoined or abated their suit against Charter Oak. They correctly note that the filing of a bankruptcy petition triggers an automatic stay under § 362(a) of the bankruptcy code. See In re Jamo, 283 F.3d 392, 398 (1st Cir. 2002). However, that section provides that a petition in bankruptcy stays the commencement or continuation of all nonbankruptcy judicial proceedings "against the debtor." 11 U.S.C. § 362(a). The stay is designed to give "breathing room" to the debtor, In re Jamo, 283 F.3d at 398, and has absolutely no effect on the debtors' ability to bring suit against other parties. Further, the actual language of § 99 permits an extension of the limitation period only "[i]f suit or action . . . is enjoined or abated." We agree with the district court's conclusion that, by its own plain language, § 99 is not personal to appellants, but rather speaks generally to their "suit

-6-

or action."  The question is thus whether, at any point during the extended limitation period, appellants' suit against Charter Oak was enjoined or abated.

As an initial matter, DiMaio did not file for bankruptcy until December 27, 2001 -- more than one year after the fire -- and he could have initiated suit against Charter Oak at any time before that date.  Once trustees were appointed for both bankruptcies, appellants argue that they were enjoined from bringing suit against Charter Oak because their rights were transferred to their respective trustees, who alone had standing to initiate suit.  Indeed, when appellants filed for bankruptcy under Chapter 11, "all legal or equitable interests . . . in property as of the commencement of the case" and "[a]ny interest in property that the estate acquire[d] after the commencement of the case" became the property of their respective bankruptcy estates.  11 U.S.C. § 541 (a)(1),(7).  The parties agree that appellants' claim against Charter Oak became part of their respective bankruptcy estates and that their bankruptcy trustees acquired exclusive standing to assert those claims.  Although appellants were thus without standing to initiate suit, their suit against Charter Oak was not enjoined or abated.  When a trustee is appointed, the trustee "steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action[]."  In re Rare Coin Galleries, Inc., 862 F.2d 896, 901 (1st Cir. 1988).  During their

representation of appellants' respective bankruptcy estates, the trustees had the right to initiate suit against Charter Oak.

Although they requested and received from Charter Oak two extensions of the suit limitation period, the bankruptcy trustees never initiated suit. However, the trustees' failure to exercise that right does not mean that the suit itself was enjoined or abated. Furthermore, appellants were not without any rights during this period. The Bankruptcy Code allows "[a]ny party [to] petition the bankruptcy court to compel the trustee either to bring suit or to abandon the claim." Koch Ref. v. Farmers Union Cent. Exch., Inc., 831 F.2d 1339, 1347 n.9 (7th Cir. 1987); see also In re Dawnwood Props./78, 209 F.3d 114, 117 (2d Cir. 2000) ("If not satisfied with the trustee's [failure to pursue a claim], plaintiffs were free to bring the matter to the attention of the Bankruptcy Court for whatever directions or relief the Court thought appropriate, including a direction to the trustee either to initiate the action in question or to abandon the claims within the limitation period so as to allow the plaintiffs to pursue the claims on their own."). Upon abandonment, interest in the claim would have reverted to the appellants. See In re Charles George Land Reclamation Trust, 30 B.R. 918, 923 (Bankr. D. Mass. 1983).

In sum, we find that § 99 does not apply to extend appellants' limitation period. Their suit against Charter Oak was not enjoined or abated by appellants' bankruptcy proceedings

because at no point during the limitation period was there an abatement or injunction against appellants' rights to initiate suit against Charter Oak; further, we also note that there was no abatement or injunction against the trustees. There is no unfairness here.

## B. Tolling

Appellants also argue that the suit limitation period was tolled because Charter Oak violated Mass. Gen. Laws ch. 231, § 140B by failing to give them proper notice of the applicable statute of limitations period when it made a partial payment to the Town of Whately for the removal and disposal of the restaurant's building remnants and debris. Section 140B provides, in applicable part, that

> Any person against whom a claim or suit for damages on account of bodily injury, property damage, or death is made, or if such person is insured against loss by reason of his liability to pay such damages the insurer of such person may advance money to, or pay bills incurred by or on behalf of, such claimant, or plaintiff, as the case may be . . . .
>
> Any such insurer who makes an advance payment under this section shall at the time of making such payment, by notice in writing, inform the claimant of the statute of limitations applicable to his claim and the time within which an action is required to be commenced to enforce such claim in a court of competent jurisdiction.
>
> The cause of action of any claimant who receives an advance payment under this section but who is not given the written notice required hereunder shall accrue on the date

> such written notice is actually given and not on the date the injury or damage was sustained.

Mass. Gen. Laws ch. 231, § 140B (emphasis added).

Appellants maintain that Charter Oak's $20,000 payment to the Town for demolition and removal constituted an "advance payment" under § 140B and that they were "claimants" who were due notice of the applicable statute of limitations. Because they did not receive such notice, they argue that the statute of limitations was tolled.

The statute provides for three types of actors: a "person," an "insurer," and a "claimant." As a threshold matter, we must determine the identity of the claimant within the context of § 140B. The claimant is the critical actor because the statute provides for the tolling of the statute of limitations only with respect to the claimant's cause of action. Charter Oak argues, and the district court agreed, that the claimant referred to in this section is the Town. Appellants urge us to interpret the statute such that they are the claimants.

The plain language of § 140B clearly favors Charter Oak's position. It is obvious from the statutory text that the "person" referred to is the insured (here DiMaio). The "claimant," by contrast, is the entity that initiates a "claim or suit" against the insured. The text cannot support the notion that the "person" and the "claimant" are one and the same.

We understand the statute's notice requirement to benefit third-party claimants rather than insurance policy holders. Indeed, it appears that every Massachusetts case to have interpreted and applied § 140B has done so in the context of claims made by third-party claimants against insureds. See, e.g., Trinity Church v. John Hancock Mut. Life Ins. Co., 502 N.E.2d 532, 539 (Mass. 1987); Allstate Ins. Co. v. Reynolds, 685 N.E.2d 1210, 1212-13 (Mass. App. Ct. 1997). This interpretation has the force of reason. As the district court points out, "requiring such notice to the insured every time an insurance company renders a payment to a third party . . . would not only be burdensome but, given that the insured is provided notice of the statute of limitations in the insurance contract itself, nonsensical." DiMaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co., 349 F. Supp. 2d 128, 134 (D. Mass. 2004).

### III. Conclusion

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Charter Oak and its denial of appellants' Motion for Reconsideration.

**Affirmed**.